**UNITED STATES of America and Lawnie Mayhew, Plaintiffs–Appellees,**

v.

**Jack HORTON and Schonert Construction, Inc., Defendants–Appellants.**

No. 78–2740.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 30, 1980.

Decided Sept. 24, 1980.

---

Ronald K. Van Wert, Irvine, Cal., for defendants–appellants.

Gilbert E. Andrews, Washington, D. C., on brief; George L. Hastings, Dept. of Justice, Washington, D. C., for plaintiffs–appellees.

Before MARKEY,* Chief Judge, and WALLACE and HUG, Circuit Judges.

WALLACE, Circuit Judge:

Schonert Construction, Inc. (Schonert) and Horton appeal from a district court order enforcing a summons of the Internal Revenue Service (IRS). *United States v. Horton,* 452 F.Supp. 472 (C.D.Cal.1978). They contend that the summons fails to meet the requirements set forth in *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), that it violates various constitutional provisions, and that some of the requested materials should have been suppressed because of allegedly illegal actions by the IRS. We affirm.

Schonert is in the framing construction business in Orange County, California, and Horton was president of Schonert at all times relevant to our inquiry. In 1977 the IRS conducted an investigation of Schonert's tax liability for 1974–1977. Revenue agent Smith conducted the initial examination of Schonert's records and determined that adjustments were required because of allegedly unsubstantiated deductions. In addition, the matter was referred to special agent Mayhew for investigation of suspected fraud.

Agent Mayhew issued the challenged summons in August 1977 and petitioned for enforcement in March 1978. In a declaration attached to the enforcement petition, agent Mayhew asserted that the information was not in his possession and that it was necessary to examine the summoned records to ascertain Schonert's tax liability. In September 1977, agent Mayhew contacted an attorney of a Schonert shareholder and obtained copies of at least some of the records referred to in the summons. The attorney had obtained these records from Schonert's accountants, who, as third–party recordkeepers, had received a separate summons and a notice from Schonert not to comply.

In *United States v. Powell, supra,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112, the Supreme Court held that an IRS summons is entitled to an enforcement order if the investigation has a legitimate purpose, the inquiry may be relevant to such purpose, the materials sought are not already within the possession of the IRS, and the administrative steps required by the Code have been fulfilled. *Id.* at 57–58, 85 S.Ct. at 254, 255. Schonert and Horton contend that this investigation had an improper purpose, that the IRS already possessed the material, and that statutory procedures were not followed. We find that the first and third of these contentions are completely answered by our recent decision in *United States v. Popkin,* 623 F.2d 108 (9th Cir. 1980).

---

* Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

The only question requiring elaboration beyond our decision in *Popkin* is whether the information at issue was already in the possession of the IRS. The record before us is less than clear. We are unenlightened as to whether the records received through Schonert's accountants are still in the possession of the IRS. Schonert and Horton do not claim that they are, nor that such possession, if it exists, militates against the position asserted in the Mayhew affidavit.

In addition, Mayhew's affidavit is not as clear as it could have been as to the issue of possession of the records. The affidavit contains the following statements:

6. The books, papers, records, or other data sought by the summons are not in my possession, nor have they been previously examined by me.

7. It is necessary to examine the books, records, and other papers demanded by the summons and to take the testimony of Jack Horton, in order to ascertain the correct income tax liability of Schonert Construction, Inc. for the years 1974 through 1977.

Mayhew did not declare that reasonable inquiry had failed to locate the information within the IRS. The declaration does, however, state that it was "necessary" to conduct a further examination of the records in Schonert's possession. If this examination was necessary, then the needed information apparently was not in the possession of the IRS. We conclude that it was not clearly erroneous for the district judge to have concluded that the IRS had made the showing required by *Powell*.

Schonert and Horton next contend that the district court erred in denying their motion for an order suppressing the evidence obtained from a shareholder's attorney and in requiring the IRS to return the evidence. The materials delivered by the attorney were among the materials then being summoned from Schonert's accountants. They were delivered after Schonert had delivered to its accountants a notice not to comply with the summons pursuant to 26 U.S.C. § 7609(b)(2). We conclude, for the reasons stated by the district court, that section 7609 was not intended to protect taxpayers against the actions of third parties not subject to the challenged summons. *See* 452 F.Supp. at 476–77.

Finally, Schonert and Horton contend that the summons violates guarantees of the Fourth, Fifth and Ninth Amendments. The Fourth Amendment contention is based upon the statutory objections already rejected. They acknowledge that the Fifth Amendment does not protect corporations, and that, as a custodian of corporate records, Horton must produce corporate records subject to a legal summons. Their only contention is that Horton will be compelled by the summons to testify against himself or face contempt proceedings. This argument is premature. Horton must present himself for questioning, and as to each question elect to raise or not to raise the defense. *United States v. Bell*, 448 F.2d 40, 42 (9th Cir. 1971). Their Ninth Amendment contention is unsupported and without merit.

AFFIRMED.