**Mark L. HARRIS, Plaintiff-Appellant,**

v.

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant-Appellee.**

No. 84–2237.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 1985 *.

Decided April 19, 1985.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 3(f).

Mark L. Harris, in pro per.

Glenn L. Archer, Asst. Atty. Gen., Washington, D.C., for defendant-appellee.

Before TANG, POOLE and BEEZER, Circuit Judges.

POOLE, Circuit Judge:

Mark L. Harris appeals from a judgment of the District Court of Arizona enforcing Internal Revenue Service (Service) summonses served upon two third party recordkeepers.

We affirm.

FACTS

The Service issued summonses to two third party recordkeepers (financial institutions) in furtherance of their investigation of Harris' income tax liability for 1980–1983 pursuant to sections 7602 and 7603 of the Internal Revenue Code. Harris received notification of the issuance of the summonses and filed a petition to quash pursuant to I.R.C. § 7609(b)(2). The Service moved for summary judgment based on the declaration of a revenue agent that he was conducting an investigation into Harris' tax liability and that the records sought were relevant to the investigation. Harris filed no opposition memorandum, and the district court denied the petition to quash and ordered enforcement of the summonses. Harris filed a timely appeal.

DISCUSSION

1. *Fourth and Fifth Amendment Claims*

██ Pursuant to I.R.C. § 7602, the Service is authorized to examine records and issue summonses for the purpose of ascertaining the correctness of any tax return and determining the tax liability of an individual. Such summonses issued to a third party recordkeeper do not violate the Fourth Amendment. *United States v. Miller*, 425 U.S. 435, 443, 96 S.Ct. 1619, 1624, 48 L.Ed.2d 71 (1976); *United States v. Horton*, 629 F.2d 577, 579 (9th Cir.1980).

██ Furthermore, such summonses do not violate the Fifth Amendment, since the documents in question belong to the recordkeeper and production will not compel the opponent of the summons to be a witness against himself. *Fisher v. United States*, 425 U.S. 391, 397, 96 S.Ct. 1569, 1574, 48

L.Ed.2d 39 (1976); *United States v. Horton*, 629 F.2d at 579. Thus, the district court did not err in denying the motion to quash and in enforcing the summonses.

### 2. *Use of Summonses For Criminal Investigation*

■ Harris' contention that the summonses were improperly issued since they pertained to a criminal investigation lacks merit. Under I.R.C. § 7602(c), no summonses may be issued or enforced with respect to any person if the Service has made a referral to the Justice Department for criminal prosecution or grand jury investigation with respect to such person. We find no evidence in the record that any such referral had been made. Therefore, the summonses were properly issued.

### 3. *Wages as Income*

■ Harris argues that the district court lacked jurisdiction because wages are not income. This court has repeatedly rejected the contention that wages are not income. *Gattuso v. Pecorella*, 733 F.2d 709, 710 (9th Cir.1984); *United States v. Romero*, 640 F.2d 1014, 1016 (9th Cir.1981); *United States v. Buras*, 633 F.2d 1356, 1361 (9th Cir.1980). Harris' contention is without merit.

### 4. *District Court as Article III Court*

■ Harris also contends that the district court lacked jurisdiction to enforce the summonses since taxation of judges diminishes their salaries in violation of Article III. This contention is meritless. *See, e.g., O'Malley v. Woodrough*, 307 U.S. 277, 281–282, 59 S.Ct. 838, 839–840, 83 L.Ed. 1289 (1939).

### 5. *Constitutionality of the Tax Equity and Fiscal Responsibility Act of 1982*

Harris argues that the statutory authority under I.R.C. § 7602 to issue summonses and examine records relevant to a person's tax liability is invalid because the Tax Equity and Fiscal Responsibility Act of 1982, Public Law 97–248, Title III, sec. 333(a), 96 Stat. 622, September 3, 1982 (TEFRA), which provided the current version of § 7602, was unconstitutionally enacted. He claims that although the bill originated in the House of Representatives, the Senate completely amended the content of the bill, in violation of the Origination Clause, Article I, section 7 of the United States Constitution, which provides that "[a]ll Bills for raising Revenue shall originate in the House of Representatives; but the Senate may propose or concur with Amendments as on other Bills."

■ We have not heretofore been called upon to address the constitutionality of the enactment of the Act. A taxation bill which originates in the House and is subsequently amended in the Senate is constitutionally enacted when the amendment is "germane to the subject-matter of the bill and not beyond the power of the Senate to propose." *Flint v. Stone Tracy Co.*, 220 U.S. 107, 143, 31 S.Ct. 342, 346, 55 L.Ed. 389 (1911). The Act originated in the House as H.R.4961, a revenue bill, and remained as such following substantial amendment by the Senate. Since the Senate, in amending the Act, legitimately exercised its power to "propose or concur with Amendments," we find Harris' contention to be without merit. *See Milazzo v. United States*, 578 F.Supp. 248, 252–53 (S.D. Cal.1984); *Kloes v. United States*, 578 F.Supp. 270, 272–73 (W.D.Wis.1984); *Frent v. United States*, 571 F.Supp. 739, 742 (E.D.Mich.1983), *appeal dismissed mem.*, 734 F.2d 14 (6th Cir.1984).

The judgment and enforcement order of the district court is AFFIRMED.