142 F.3d 443
 81 A.F.T.R.2d 98-1903, 98-1 USTC P 50,413
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael FARRELL; Christine Farrell Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA, Defendant-Appellee.
 No. 97-56459.
D.C. No. CV-97-00843-K.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 20, 1998.**
Decided April 24, 1998.
 
 Appeal from the United States District Court for the Southern District of California, Judith N. Keep, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael and Christine Farrell appeal pro se from the district court's denial of their petitions to quash two Internal Revenue Service ("IRS") summonses issued to Wells Fargo Bank and Santel Federal Credit Union pursuant to 26 U.S.C. § 7602. We have jurisdiction under 28 U.S.C. § 1291. We review for clear error, Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir.1998), and affirm.
 
 
 3
 Here, it is uncontested that Internal Revenue Service Agent Navarro submitted a sworn declaration which stated that she was investigating taxpayers' federal income tax liabilities for the years 1994 and 1995, that the records sought were relevant to the investigation, that the information sought was not in the possession of the Government, and that all administrative steps required by the Internal Revenue Code had been followed. The IRS therefore established a prima facie case for enforcement of the summonses. See United States v. Powell, 379 U.S. 48, 57058, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964).
 
 
 4
 Because the Farrells failed to adduce any evidence which established that the summonses were issued for an improper purpose or were otherwise deficient, the district court did not clearly err by denying their motions to quash and by issuing an order to enforce the summonses. See id. (holding that once a prima facie case is made, a heavy burden is placed on the taxpayer to show an abuse of process or the lack of institutional good faith). We reject the Farrells' contentions that the summonses should have been quashed because they violated the Farrells' Fourth and Fifth Amendment rights, see Harris v. United States, 758 F.2d 456, 457 (9th Cir.1985), that the IRS lacks authority to issue the summonses, id . at 458, that the IRS lacked jurisdiction over the Farrells because they are "not taxpayers as defined by the IRS," see United States v. Studley, 783 F.2d 934, 937 (9th Cir.1986), and that the financial records were protected by doctor-patient privilege, see e.g. United States v. Miller, 425 U.S. 435, 444, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3