**Bruce B. REIMER, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 98–MISC–138.**

United States District Court, N.D. New York.

March 25, 1999.

Bruce B. Reimer, Edina, MI, pro se.

Thomas J. Maroney, United States Attorney's Office, James T. Foley Courthouse, Albany, NY (Glenn J. Melcher, AUSA, U.S. Department of Justice–Tax Division, of counsel), for respondent.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

Petitioner Bruce B. Reimer ("petitioner") moves, pro se, to quash a summons issued by the Internal Revenue Service ("IRS") on Security Mutual Life Insurance Company of New York ("Security Mutual"). Respondent United States ("respondent") cross-moves for summary denial of petitioner's motion to quash, and seeks enforcement of the summons. For the reasons discussed below, petitioner's motion to quash the IRS summons is denied, and respondent's cross-motion for summary denial of the petition to quash the summons and enforcement of the summons is granted.

## I. Background

On October 15, 1998, the IRS issued a summons to Security Mutual in connection with an investigation into petitioner's federal tax liability for the year-ended December 31, 1996. The summons was sent to Security Mutual via certified mail[1] and sought the production of the following:

---

1. Because the record does not reflect any procedural objection to the summons based on improper service under 26 U.S.C. § 7603, both petitioner and Security Mutual have waived their right to raise that objection in connection with the present motion. *See*

1. Copies of all cancelled checks, front and back, issued to or for the benefit of Bruce B. Reimer for the calendar year covering January 1, 1996 through December 31, 1996.

2. If funds were electronically deposited, the records identifying the account they were transferred to, including the name and location of the bank and/or financial institution and the account number.

3. All written contractual agreements between the payor and payee relating to transactions occurring in 1996.

Gov't Mem. of Law, Ex. A (Summons issued by IRS Agent Matthew Wagner, dated October 15, 1998).

The summons required production of these documents by November 12, 1998. On November 2, 1998, petitioner filed a timely petition to quash this summons pursuant to 26 U.S.C. § 7609(b)(2). Petitioner asserts the following bases for quashing the summons: (1) the summons violates petitioner's Fourth Amendment right against unreasonable searches and seizures; (2) the IRS lacks the requisite jurisdiction over the records requested; (3) the IRS issued the summons in bad faith by failing to comply with the disclosure requirements in 26 U.S.C. § 7521(b) and in the Privacy Act, 5 U.S.C. § 552a(e)(3)(A)-(D); (4) the IRS acted in bad faith by failing to follow its internal regulations regarding the legitimacy of business trusts; (5) the IRS acted in bad faith by using the summons to gather evidence in connection with a future criminal prosecution against petitioner; and (6) the IRS lacks the authority to send the summons to Security Mutual because it is not a "third-party recordkeeper," as defined in 26 U.S.C. § 7609(a)(3).[2] Respondent cross-moves for summary denial

of the petition to quash the summons, and to enforce the summons.

## II. Discussion

■ Because Security Mutual, the third-party named in the summons to produce documents resides in the Northern District of New York, this Court has jurisdiction over this matter pursuant to 26 U.S.C. § 7609(h)(1).

■ To obtain enforcement of a summons, the IRS must make a prima facie showing that: "(1) the summons is issued for a legitimate purpose; (2) the material sought is relevant to that purpose; (3) the material sought is not already within the possession of the IRS; and (4) the administrative steps required by the IRS [C]ode have been satisfied." *Nelson v. United States*, 1994 WL 519485, at * 3 (N.D.Ca. Sept.19, 1994) (citing *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964)), *aff'd*, 62 F.3d 1425 (9th Cir.1995); (*Ponsford v. United States*, 771 F.2d 1305, 1307 (9th Cir.1985)). The *Powell* framework has been adopted by the Second Circuit in determining the enforceability of an IRS summons. *See United States v. Chase Manhattan Bank*, 598 F.2d 321, 323 (2d Cir.1979).

■ Prior to a referral for prosecution to the Department of Justice, the IRS must use its summons authority in good faith. *See United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 313, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978); *see also* 26 U.S.C. § 7602(c) (stating that no summons may be issued or enforced if a Justice Department referral is in effect recommending a grand jury investigation or criminal prosecution for violations of the internal revenue

*United States v. Myslajek*, 568 F.2d 55, 57 (8th Cir.1977) (per curiam) (holding that three month delay in objecting to service of summons constituted a waiver of strict compliance with the requirements of section 7603), *cert. denied*, 438 U.S. 905, 98 S.Ct. 3123, 57 L.Ed.2d 1147 (1978).

**2.** As the Court discusses later, the section dealing with *notice* of the issuance of a summons directed at third-party recordkeepers was amended to include all third parties. *See* Internal Revenue Service Restructuring and Reform Act of 1998, P.L. 105–206, § 3415 (enacted July 22, 1998) (amending 26 U.S.C. § 7609(a)).

laws). If the government can establish a prima facie case for enforcement, the taxpayer must demonstrate "that a genuine issue of triable fact exists as to whether the enforcement of the summons would result in an abuse of the judicial process." *See Nelson*, 1994 WL 519485, at * 3 (citing *Powell*, 379 U.S. at 58, 85 S.Ct. 248). In addressing the issue of good faith and the petitioner's burden in alleging abuse of process by the government, the *Powell* court stated:

> It is the court's process which is invoked to enforce the administrative summons and a court may not permit its process to be abused. Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation. The burden of showing an abuse of the court's process is on the taxpayer, and it is not met by a mere showing, as was made in this case, that the statute of limitations for ordinary deficiencies has run or that the records in question have already been once examined.

379 U.S. at 58, 85 S.Ct. 248; *see also LaSalle Nat'l Bank*, 437 U.S. at 316–17, 98 S.Ct. 2357 (noting that petitioner has a "heavy burden" of demonstrating an absence of good faith by the IRS because civil and criminal tax investigations are typically coterminous).

## A. Whether the Government Has Established a Prima Facie Case for Enforcement of the IRS Summons

■ To make a prima facie showing for judicial enforcement of the summons, the government need only make "a minimal showing that the *Powell* requirements have been met." *Nelson*, 1994 WL 519485, at *3 (citing *United States v. Abrahams*, 905 F.2d 1276, 1280 (9th Cir.1990)). This

showing is met by affidavits or declarations by the investigating agent stating these requirements have been met. *See id.; United States v. Balanced Fin. Management, Inc.*, 769 F.2d 1440, 1443 (10th Cir.1985) ("The burden [on the government] is a slight one because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.") (citations omitted) (citing *United States v. Garden State Nat'l Bank*, 607 F.2d 61, 68 (3d Cir.1979)).

■ Respondent has submitted a declaration from the investigating agent, Matthew Wagner,[3] which states, inter alia, that: (1) petitioner's 1996 federal income tax return is under investigation; (2) the documents sought by the summons are relevant to that investigation and were requested in accordance with 26 U.S.C. § 7602 in that they are sought to verify petitioner's federal tax liability for the year-ended December 31, 1996; (3) that the books, papers, records or other data sought are not already in possession of the IRS; and (4) that there has been no referral of this investigation to the Department of Justice as described in 26 U.S.C. § 7602(c). *See* Aff. of Matthew Wagner (hereinafter "Wagner Aff."), at ¶¶ 3–10.

The Court finds that the declarations of Agent Wagner sufficiently establish a prima facie case for judicial enforcement of the summons. Thus, the burden is shifted to petitioner to prove that enforcement of the summons would be an abuse of judicial discretion. *See Chase Manhattan Bank*, 598 F.2d at 323 (citing *United States v. Davey*, 543 F.2d 996, 1000 (2d Cir.1976)) ("Once the IRS has made a minimal showing of relevancy . . . the burden shifts to the taxpayer to show why the summons might represent 'an abuse of the court's process' which should not be enforced."); *see also Balanced Fin. Management, Inc.*, 769 F.2d at 1444 ("The burden is a heavy

---

**3.** The government has asserted that the name "Matthew Wagner" is a registered pseudonym authorized by the IRS for use in the course of official duties. *See* Respondent–Gov't Mem. of Law at 1 n. 1.

one. The taxpayer must 'establish any defenses or ... prove that enforcement would constitute an abuse of the court's process.' He must 'prove a lack of good faith, that the government has abandoned in the institutional sense its pursuit of possible civil penalties.'") (quoting *United States v. Genser,* 582 F.2d 292, 302 (3d Cir.1978) and *United States v. Moll,* 602 F.2d 134, 138 (7th Cir.1979)).

### B. Whether Petitioner Has Raised a Legally Sufficient Objection to the Enforcement of the Summons

### 1. Whether the Summons Violates the Fourth Amendment

█ Because the documents were located at Security National, and, therefore, have been exposed to a third-party, petitioner had no reasonable expectation of privacy, and, consequently, no Fourth Amendment interest in the documents. *See Securities and Exchange Comm'n v. O'Brien,* 467 U.S. 735, 743, 104 S.Ct. 2720, 81 L.Ed.2d 615 (1984); *United States v. Miller,* 425 U.S. 435, 441–43, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976); *Donaldson v. United States,* 400 U.S. 517, 522, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971) (IRS summons directed to third party does not trench upon any interests protected by the Fourth Amendment); *Harris v. United States,* 758 F.2d 456, 457 (9th Cir.1985) (summonses issued to a third-party recordkeeper pursuant to section 7602 do not violate the Fourth Amendment); *United States v. McAnlis,* 721 F.2d 334, 337 (11th Cir.1983) ("As long as the IRS complies with the *Powell* requirements, it will not violate the summoned party's Fourth Amendment rights."), *cert. denied,* 467 U.S. 1227, 104 S.Ct. 2681, 81 L.Ed.2d 877 (1984). Because the Court previously held that the summons complied with the *Powell* requirements, and the documents at issue are in the possession of third-party Security National, petitioner's argument that the summons violates the Fourth Amendment is without merit.

### 2. IRS Jurisdiction

Petitioner next argues that the IRS lacks the authority to issue and enforce its request for records and documents pertaining to the tax year in issue.

█ The IRS has the authority to issue a summons to investigate petitioner's tax liability. *See* 26 U.S.C. § 7602; *see also Powell,* 379 U.S. at 53, 85 S.Ct. 248; *United States v. Saunders,* 951 F.2d 1065, 1067 (9th Cir.1991) (citing *Harris,* 758 F.2d at 457); *Johnson v. United States,* 1984 WL 297, at *2 (W.D.Tex. January 27, 1984). Accordingly, petitioner's argument that the summons be quashed on that basis is without merit.

### 3. IRS Disclosure Prior to Enforcement of the Summons

Petitioner argues that the summons be quashed because the IRS failed to comply with the disclosure requirements set forth in 26 U.S.C. § 7521(b) and the Privacy Act, 5 U.S.C. § 552a(3)(A)-(D).

█ By its express language, section 7521(b) deals with procedures involving in-person interviews with a taxpayer. *See United States v. Rice,* 1991 WL 322614, at *2 (D.N.M. Nov.22, 1991); *Tuccio v. United States,* 1990 WL 106805, at *1 (S.D.N.Y. July 27, 1990). Because the summons at issue was directed at a third-party, and did not require an interview with petitioner, the procedures set forth in section 7521(b) are inapplicable.

█ Additionally, the disclosure requirements in 5 U.S.C. § 552a(e)(3) are not applicable to a summons issued pursuant to 26 U.S.C. §§ 7602, 7609. *See Johnson,* 1984 WL 297, at * 2. Indeed, only those administrative steps required by the Internal Revenue Code must be followed. *See id.* (citing *Powell,* 379 U.S. at 58, 85 S.Ct. 248). Thus, petitioner's argument to quash the summons on these grounds is rejected.

#### 4. Whether Summons Was Issued for a Valid Purpose, Relevant to an IRS Investigation

Under 26 U.S.C. § 7602, a taxpayer is required to produce any books, papers, records, or other data that the IRS determines is relevant to an inquiry regarding the taxpayer's tax liability.

 Petitioner argues that because the IRS has recognized the legitimacy of business trusts, its investigation of petitioner's business trusts was therefore undertaken in bad faith. *See* Petition to Quash Summons, at ¶ 10. This argument, however, fails to recognize IRS notices addressing possible tax liability resulting from the operation of abusive business trust arrangements. *See id.*

Here, the IRS inquiry concerns petitioner's tax liability for the year-ended December 31, 1996. It appears that a portion of that inquiry concerns business trusts maintained by petitioner. Accordingly, the information requested is relevant to an investigation undertaken for a "legitimate statutory purpose." Gov't Mem. of Law at 10.

#### 5. Potential Future Criminal Prosecution

 Under 26 U.S.C. § 7602(c), an IRS summons may not be issued or enforced if a referral has been made to the Department of Justice recommending a criminal investigation or prosecution of the taxpayer be undertaken. Because Agent Wagner stated that no such referral has been made, Wagner Aff. at ¶ 11, the summons is therefore valid and may be enforced. *See Chase Manhattan Bank,* 598 F.2d at 325–26; 26 U.S.C. § 7602(c).

#### 6. Whether Security Mutual is Subject to the Notice Requirements in 26 U.S.C. § 7609

 In instances where a summons issued on a third-party seeks production of transaction records related to the taxpayer being audited, the taxpayer is entitled to notice of that summons. *See* 26 U.S.C. § 7609(a)(1)(A)-(B). If proper notice is not provided, the taxpayer has the right to intervene in any proceeding involving enforcement of the summons, see 26 U.S.C. § 7609(b)(1), and may also begin a proceeding to quash the summons, on the basis of improper notice. *See* 26 U.S.C. § 7609(b)(2)(A); *see also United States v. Kao,* 81 F.3d 114, 116 (9th Cir.1996).

Petitioner does not argue that he was not provided notice of the summons directed at Security Mutual. Rather, petitioner contends that the summons is automatically invalid simply because it was not issued on a third-party recordkeeper.

 The requirements in section 7609 deal only with notice, and do not limit the IRS from issuing a summons on someone other than a third-party recordkeeper. Moreover, Congress amended the notice requirements in section 7609 to include summonses issued to *all* third parties. *See* Internal Revenue Service Restructuring and Reform Act of 1998, P.L. 105–206, § 3415 (enacted July 22, 1998) (amending 26 U.S.C. § 7609(a)).

Because petitioner does not allege improper service and the summons was validly issued to a third-party under section 7609, petitioner's argument to quash the summons on that ground is without merit.

### III. Conclusion

For the foregoing reasons, petitioner's motion to quash the IRS summons is **DENIED,** and respondent's cross-motion for summary denial of the petition to quash the summons and enforcement of the summons is hereby **GRANTED.**

**IT IS SO ORDERED.**