Lawrence E. KING, Jr., et al.,
Petitioners,
v.
UNITED STATES of America,
Respondent.

No. CV. 87-0-5.

United States District Court,
D. Nebraska.

Sept. 2, 1987.

William E. Morrow, Gary Hoffman, Oma-
ha, Neb., for petitioners.

Loren B. Mark, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for respondent.

## MEMORANDUM OPINION

STROM, Chief Judge.

This matter is before the Court on taxpayers' petition to quash an Internal Revenue Summons (Filing No. 1) and respondent's motion for summary enforcement of the summons (Filing No. 4).

A Special Agent of the Internal Revenue Service (IRS), Dale H. Bahney, has been assigned to investigate the federal tax liabilities of petitioners Lawrence E. King, Jr., and Alice G. King, for the taxable years 1982 and 1983, and to determine whether any violations of the Internal Revenue laws have occurred. As part of his investigation, Agent Bahney learned that petitioners were engaged in financial transactions with the Franklin Community Federal Credit Union—the summoned party in this action. Specifically, Agent Bahney learned that petitioner Lawrence E. King, Jr., was the manager and treasurer of the summoned party during the time period in question.

On December 16, 1986, Agent Bahney, pursuant to § 7602 and 7603 of the Internal Revenue Code (Code) issued an IRS summons to the summoned party directing it to appear before him to give testimony and produce books, records, papers and other relevant data for examination. On December 17, 1986, notice by certified mail of service of the summons was given to the taxpayers. The summoned party failed to appear before agent Bahney. On January 5, 1987, within the time period prescribed by § 7609 of the Code, the taxpayers filed their petition to quash. On March 12, 1987, the respondent filed a motion for summary enforcement of the summons.

In determining whether a petition to quash an IRS summons should be granted, the four-part test set out in *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964), serves as a guide. Specifically, this Court must determine:

(1) Whether the investigation is being conducted for a legitimate purpose;

(2) Whether the material sought is relevant to that purpose;

(3) That the information sought is not already in the possession of the IRS; and

(4) That the administrative steps required by the Code have been followed. *Id.* See also, *Ponsford v. United States*, 771 F.2d 1305, 1307–08 (9th Cir.1985).

The IRS has met its burden by producing the sworn declaration of Agent Bahney which establishes each of the *Powell* requirements. *United States v. Moon*, 616 F.2d 1043, 1046 (8th Cir.1980). Petitioners must then show that to enforce the summons would constitute an abuse of process or challenge the summons on any appropriate grounds. *Powell*, 379 U.S. at 57–58, 85 S.Ct. at 255.

The taxpayers have standing in this case to raise certain defenses that normally would not be permitted due to the fact that the summoned party is a third party record keeper. Section 7609(b) gives the taxpayers in this case the right to intervene. The very purpose of § 7609 was to put the taxpayer "in the shoes of the third party record keeper." *United States v. Beacon Federal Savings & Loan*, 718 F.2d 49, 53 (2d Cir.1983) (quoting *United States v. Horton*, 452 F.Supp. 472, 476 (C.D.Cal. 1978), *aff'd* 629 F.2d 577 (9th Cir.1980)). Thus, Congress intended to grant standing to taxpayers and allow them to assert the record keeper's rights regarding the summons for "the interest of the third party witness in protecting the privacy of the records in question is frequently far less intense than that of the person to whom the records pertain." *Beacon Federal*, 718 F.2d at 54 (quoting Senate Rpt. 938, 94th Cong.2d Sess. 370–71, (1976) reprinted in 1976 U.S.Code Cong. & Ad. News, 2897, 3799–3800). Accordingly, the taxpayers have standing to raise virtually all of the defenses claimed in this matter.

■ Petitioners first attack the legitimacy of the purpose for which the summons was issued, claiming that it is an abuse of process where the government's purpose for issuing the summons is solely to aid a criminal investigation. Petitioner's claim is without merit as § 7602(b) authorizes the issuance of a summons to inquire into any offense connected with the administration or enforcement of the Internal Revenue laws. 26 U.S.C. § 7602(b). The only prohibition on the use or enforcement of an administrative summons is that a Justice Department referral may not be in effect with respect to the years or persons under investigation. 26 U.S.C. § 7602(c). None are in effect with respect to either petitioner. The Eighth Circuit has stated that "the requirement that the summons not issue for a solely criminal investigation has been negated by the 1982 amendment to § 7602(b) which allows inquiry into 'any offense' so long as the case has not been turned over to the Justice Department." *United States v. G & G Advertising Co.,* 762 F.2d 632, 634, n. 1 (8th Cir.1985) (citations omitted). Thus, petitioners' claim alleging abuse of process must fail as it is without merit.

■ Petitioners' next attack the summons on the grounds that it is overbroad, irrelevant, unduly burdensome and procedurally defective. Petitioner has no standing to raise this defense. Although § 7609 allows the taxpayer to stand in the shoes of the third party record keeper, there is a limit on this grant of standing. The noticee (here the petitioners) will "not be permitted to assert as defenses to enforcement issues which only affect the interests of the third-party record keeper." Senate Rpt. No. 938, 94th Cong.2d Sess. 370–71 (1976), reprinted in 1976 U.S.Code Cong. & Ad.News, 2897, 3800. Examples of such defenses include the defense that the third party record keeper was not properly served or that it would be unduly burdensome for the third party record keeper to comply with the summons. *Id.*

Further, petitioners' claim that the summons is overbroad and fails to comply with § 7609(f) of the Code is inapplicable. Section 7609(f) is not relevant in this matter as it applies to a "John Doe" summons. This summons is not a "John Doe" summons as the taxpayers were identified in the summons. Thus, this claim of petitioners is without merit.

■ Petitioners next claim that the documents requested in the summons are, for the most part, already in the possession of the government. Although the production of some documents might be considered duplicative, they are in fact not. Agent Bahney's declaration states that he needs to obtain the canceled checks in the Credit Union's possession as they are the originals, and not the copies previously obtained. Agent Bahney needs these originals for two reasons—to see whether any notations were made on the checks after they were returned to the Credit Union, notations which would not be on the copies, and to view the endorsements which were unclear on the copies.

■ The next claim advanced by the petitioners is that the summons violates the Right to Financial Privacy Act, 12 U.S.C. § 3401, et seq. This claim is irrelevant as "nothing in this chapter prohibits the disclosure of financial records in accordance with procedures authorized by the Internal Revenue Code." 12 U.S.C. § 3413(c).

■ Petitioners then argue that the summons violates the Fourth Amendment. This claim is without merit as an IRS summons "authorizes neither a search nor a seizure." *United States v. Morgan,* 761 F.2d 1009, 1012 (4th Cir.1985). An IRS summons commands that the person to whom it is addressed appear before it, but an IRS agent cannot compel or force the production of the records. The summons is not self-enforcing and may only be enforced by a court. *Id.* Petitioners have misconstrued the nature of an IRS summons, and this claim must fail.

■ Taxpayers also claim the summons violates the Fifth Amendment in that taxpayer Lawrence E. King, Jr., as manager and treasurer of the summoned party, is being called upon to produce records which may incriminate him. This claim is without

substance as the Fifth Amendment privilege against self-incrimination does not proscribe "every sort of incriminating evidence but applies only when the accused is compelled to make a *testimonial* communication that is incriminating." *Fisher v. United States*, 425 U.S. 391, 408, 96 S.Ct. 1569, 1579, 48 L.Ed.2d 39 (1976) (emphasis in original). Accordingly, this defense is rejected.

▆ Petitioners' final challenge is that the summons violates the First Amendment guaranty of freedom of association. Petitioners state only that the government's attempt to investigate their tax liability is overly broad and affects the privacy interests of members of the Credit Union. First Amendment claims of associational privacy must include a factual showing of actual adverse consequence stemming from the challenged government action. *United States v. Manufacturers Bank of Southfield*, 518 F.Supp. 495, 498 (E.D.Mich.1981) (citing *Buckley v. Valeo*, 424 U.S. 1, 69–71, 96 S.Ct. 612, 658–59, 46 L.Ed.2d 659 (1976)). Here, there is only a bare assertion that the privacy rights of other Credit Union members would be infringed by enforcement of this summons. Thus, petitioners have offered no valid First Amendment defense to enforcement of the IRS summons.

Accordingly, the Court will deny the petition to quash the IRS summons and grant respondent's motion for summary enforcement. The Court will deny respondent's request for attorney's fees and costs, as the Court cannot conclude that petitioners' claims were frivolous. A separate order will be entered in conformity with this opinion.