Donald R. MORRISON, Petitioner,

v.

UNITED STATES of America, et al., Respondents.

Civ. A. No. 2:94–MS–69.

United States District Court, S.D. Ohio, Eastern Division.

Jan. 6, 1995.

Donald R. Morrison, Thornville, OH, pro se.

Jeffrey Paul Hopkins, U.S. Attys. Office, Columbus, OH, Stacy Hallett, Alan Shapiro, U.S. Dept. of Justice, Tax Div., Washington, DC, for respondents.

## REPORT AND RECOMMENDATION

KING, United States Magistrate Judge.

■ Donald R. Morrison ("petitioner") brings this action to quash an administrative summons served by respondent Martha Bowman upon Karen Novak, legal counsel at Milk Marketing. This matter is before the Court, pursuant to E.D.Order 91–3(III)(B), on the motion to dismiss filed on behalf of the respondent United States of America.

On August 3, 1994, the Internal Revenue Service issued the summons to Milk Marketing for "Any and all records and contracts, including milk ticket information, which relate to all payments to or in behalf of Donald R. Morrison, social security number 281–60–4880, for the calendar years 1988, 1989, 1990, 1991, 1992, and 1993." *Summons* (attached as exhibit A to *Petition to Quash* (Aug. 23, 1994)). On August 23, 1994, Donald Morrison filed a petition to quash the summons. The United States contends that petitioner has no jurisdiction to challenge the summons.

26 U.S.C. § 7602(a)(2) establishes the general parameters for the issuance of a summons:

For the purpose of ascertaining the correctness of any return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary [of the Treasury] is authorized—

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry ...

Petitioner seeks to quash the summons pursuant to 26 U.S.C. § 7609(b)(2), which provides:

(A) **In general.**—Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

(B) **Requirement of Notice to person summoned and to Secretary.**—If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20–day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

(C) **Intervention; etc.**—Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

Subsection (a) referenced above provides in pertinent part that if:

(A) any summons described in subsection (c) is served on any person who is a *third party recordkeeper,* and

(B) the summons requires the production of any portion of records made or kept

of the business transactions or affairs of any person (other than the person summoned) who is identified in the description of the records contained in the summons,

then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

26 U.S.C. § 7609(a)(1) (emphasis supplied). Therefore, the taxpayer may intervene or seek to quash a summons that is issued to a third-party recordkeeper.

A third-party recordkeeper is defined as any one of the following:

(A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501(c)(14)(A));

(B) any consumer reporting agency (as defined under section 603(d) of the Fair Credit Reporting Act (15 U.S.C. § 1681a(f)));

(C) any person extending credit through the use of credit cards or similar devices;

(D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. § 78c(a)(4)));

(E) any attorney;

(F) any accountant;

(G) any barter exchange (as defined in section 6045(c)(3));  and

(H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof.

26 U.S.C. § 7609(a)(3).

■ Requiring a special procedure for third-party summonses was intended to provide taxpayers and other affected parties with means to challenge an IRS summons in situations in which the summoned party might not do so and to permit the taxpayer to raise his own defenses to the summons. *Hodges, Grant & Kaufmann v. U.S. Government, Dept. of Treasury, I.R.S.*, 762 F.2d 1299 (5th Cir.1985).

The purpose of § 7609, according to the Congressional Committee Report accompanying P.L. 94–455 is to facilitate a taxpayer's opportunity to raise defenses to a third party summons.  Previously, a taxpayer could refuse to comply with a summons served upon himself yet he would have difficulty preventing production of the desired documents by a third party record keeper.  Such third party record keepers traditionally include banks, accountants and attorneys.  Under § 7609 the taxpayer is insured a chance, through adequate notice, to raise all relevant issues regarding the propriety of the summons.  The statute allows the taxpayer "to stand in the shoes of the third party record keeper."

Although § 7609 protects a taxpayer's rights regarding third party record keepers summoned to produce records of the party's business affairs, it does not include parties not subject to the summons.  As explained in the Congressional Committee Report, § 7609 is not intended to expand the substantive rights of parties.

*United States v. Horton,* 452 F.Supp. 472, 476 (C.D.Cal.1978), *aff'd,* 629 F.2d 577 (9th Cir.1980).

■ Only if the third party summoned is a "third party recordkeeper" may the taxpayer participate in the release or nonrelease of financial records bearing on the taxpayer's transactions which are in the possession of the third party.  A company or individual is not a third party recordkeeper within the meaning of 26 U.S.C. § 7609(a)(3)(C) if its own business records, rather than records of credit transactions maintained by the company as a third party, are summoned.  *See*

*United States v. New England Tel. Co.*, 530 F.Supp. 274 (D.N.H.1981) (holding that although a telephone company, as a credit card issuer, might have been a third-party recordkeeper in some instances, it was not a third-party recordkeeper where the taxpayer, while a customer of the telephone company, was not a credit card holder with the telephone company).

Petitioner, who refers to himself as a dairy farmer, does not allege, and there is nothing to indicate, that either Milk Marketing or Karen Novak is a third-party recordkeeper as defined in § 7609. It appears that Milk Marketing is, or was, simply a creditor of petitioner.[1] Accordingly, petitioner was not entitled to notice of the summons and is without grounds to intervene or to quash the summons pursuant to 26 U.S.C. § 7609.[2]

For the foregoing reasons it is RECOMMENDED that the United States' motion to dismiss be GRANTED.

If any party seeks reconsideration of this Order, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir.1987);

1. Although Karen Novak is named in the summons in her capacity as legal counsel for Milk Marketing, it does not appear that Novak is a third party recordkeeper in her capacity as an attorney pursuant to 26 U.S.C. § 7609(a)(3)(E). *See United States v. Manchel, Lundy, & Lessin*, 477 F.Supp. 326 (E.D.Pa.1979) (holding that a law firm which formerly employed a taxpayer was not a third-party recordkeeper and that the taxpayer was not entitled to intervene in a summons enforcement proceeding through which the government sought to obtain records involving

*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

the law firm's own business transactions in the employment of the taxpayer).

2. Respondent Martha Bowman also moves the Court to substitute the United States of America for her as the sole defendant in this action. Because the instant petition must be dismissed on its face, the Court will not consider respondent Bowman's motion for substitution of a party.