**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LARRY DONALD GASS;
SANDEE GASS,

       Plaintiffs-Appellants,

v.

UNITED STATES DEPARTMENT
OF TREASURY; INTERNAL
REVENUE SERVICE; THOMAS
MILLER; and UNKNOWN AGENTS,

       Defendants-Appellees.

No. 99-1179
(D.C. No. 98-B-75)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **HENRY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs Larry and Sandee Gass appeal from a district court order which, *inter alia* , granted defendants' motion for dismissal/summary judgment, denied plaintiffs' request for leave to file an amended complaint, denied plaintiffs' motion to quash Internal Revenue Service (IRS) summonses, and dismissed the action. We affirm these rulings for the reasons stated below. Further, we agree with defendants that this appeal is frivolous and, therefore, grant their motion for sanctions against plaintiffs under Fed. R. App. P. 38 and 28 U.S.C. § 1912.

## Background

This action primarily concerns alleged wrongful collection activities by the IRS generally and defendant revenue officer Thomas Miller in particular. The underlying tax liabilities include Larry Gass' unpaid taxes for 1987-92, which his own belated returns and consent-to-assessment form demonstrated; 1994 tax deficiencies and additions to tax owed by Larry and Sandee Gass, which were judicially sustained by the Tax Court decision affirmed in *Gass v. Commissioner* , Nos. 97-9006, 97-9007, 1997 WL 606987 (10th Cir. 1997); and frivolous return penalties of $500/year assessed against Larry Gass for 1987-95, and against Sandee Gass for 1993-95. Between November 1997 and June 1998, officer Miller issued various lien and levy notices relating to these liabilities, many of which were issued against Sandee Gass as nominee/transferee of property from Larry Gass.

-2-

In district court, plaintiffs claimed the challenged actions constituted both unauthorized collection activities warranting damages against the government under 26 U.S.C. § 7433 and constitutional wrongs justifying monetary redress against officer Miller under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). They alleged the underlying assessments were unconstitutional and procedurally improper, invalidating all subsequent efforts to collect the taxes and penalties assessed. They challenged lien and levy notices on various procedural and technical grounds. They broadly objected that the IRS had not published formal regulations in the Federal Register implementing the directives of the tax code. They also claimed that efforts to collect Larry Gass' tax liabilities from property in Sandee Gass' possession were unauthorized.

While the action was pending, the IRS served administrative summonses on three institutions, seeking account and loan records for Sandee Gass at two banks and financial information relating to rental properties for Larry and Sandee Gass at Century 21 Valley Realty. Plaintiffs moved to quash the summonses under 26 U.S.C. § 7609(b)(2)(a). The district court let plaintiffs' existing action serve also as the "proceeding to quash" contemplated by the statute, reviewed their objections to the summonses, and denied relief.

We note plaintiffs initially sought additional forms of redress ancillary and inapposite to the procedural authority cited above: a declaratory judgment that

they owed no taxes for 1987-92; an injunction abating penalty and interest assessments, liens, levies, and collection activities; and a tax refund. They eventually abjured these requests for relief, along with other potential redressive measures suggested by the magistrate judge. At this point, plaintiffs represent that aside from the *Bivens* claim and summons dispute, they "are claiming only damages in this action under 26 USC [§] 7433." Appellants' Opening Br. at 24. Even in this regard, however, the contour and content of their positions have not been entirely clear and consistent throughout. We focus on the "Ten Arguments" plaintiffs explicitly urge on appeal; any issues not identified and adequately developed therein are deemed waived, *see, e.g.*, *Shaw v. AAA Eng'g & Drafting, Inc.*, Nos. 97-6265, 97-6266, 2000 WL 640249, at *15 n.25 (10th Cir. May 18, 2000); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994).

Those ten arguments are:

1.      The district court erred in denying leave to amend;

2.      The district court erred in upholding the constitutionality of a direct, non-apportioned tax on income from property;

3.      The district court erred in its construction of the limited remedial scope of § 7433;

4.      The district erred in holding that the provisions of the tax code may be enforced without formal publication of implementing regulations in the Federal Register;

5.      The district court erred in rejecting certain procedural objections to various tax and penalty assessments;

6.   The district court erred in rejecting challenges to liens and levies issued, for the collection of Larry Gass's tax liabilities, against property held by Sandee Gass;

7.   The district court erred in rejecting challenges to the enforcement of tax liens issued, for the collection of Larry Gass' tax liabilities, against property held by Sandee Gass and/or the Gasses' children;

8.   The district court erred in rejecting challenges to the assessment of frivolous-return penalties against plaintiffs;

9.   The district court erred in dismissing plaintiffs' *Bivens* claim against revenue officer Miller; and

10.  The district court erred in denying plaintiffs' motion to quash certain administrative summonses.

**Arguments Relating to § 7433**

The bulk of plaintiffs' briefing on appeal relates to their § 7433 claims, which are deficient in a number of respects. To obviate a potential jurisdictional problem unaddressed by the parties, however, we focus our disposition on only those deficiencies of a jurisdictional nature.[1]

---

[1]   The problem alluded to above relates to the exhaustion of administrative remedies. *See* § 7433(d)(1)("A judgment for damages shall not be awarded under [§ 7433(b)] unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the [IRS]." The courts deem this requirement jurisdictional. *See, e.g.*, *Fishburn v. Brown*, 125 F.3d 979, 982 (6th Cir. 1997); *Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996); *Burge v. IRS*, No. 94-1063, 1994 WL 596586 (10th Cir. Nov. 1, 1994) (unpublished). The magistrate judge noted in passing that it was "not clear" whether exhaustion had occurred, but concluded "the court need not conclusively determine [the issue] at this juncture." *Gass v. United States Dep't of Treasury*, 1999 WL 250890, at *6

(continued...)

Section 7433 constitutes a limited waiver of federal sovereign immunity. Consequently, allegations falling outside the scope of the statute do not merely fail to state a claim on the merits, but fail to invoke the subject matter jurisdiction of the courts. This basic point has been recognized in a variety of contexts, some directly relevant here: (1) tax assessments do not constitute collection activities and, thus, assessment objections not invoke jurisdiction under § 7433, *see Miller v. United States*, 66 F.3d 220, 222-23 (9th Cir. 1995); *Arnett v. United States*, 910 F. Supp. 515, 518 (D. Kan. 1995); (2) third parties cannot rely on § 7433 for jurisdiction to challenge efforts to collect taxes owed by another, *see Ferrel v. Brown*, 847 F. Supp. 1524, 1528 (W. D. Wash. 1993), *aff'd*, 40 F.3d 1049

---

[1](...continued)
n.1 (D. Colo. 1999) (unpublished). The district court did not mention exhaustion when it adopted the magistrate judge's recommendation, *see id.* at *1-*2, and defendants have not pursued the issue. We are thus left with an inconclusive suggestion that a jurisdictional prerequisite for much of plaintiffs' case may not be satisfied. In *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998), the Supreme Court held jurisdictional matters must be resolved before the merits. The Court has also made it clear, however, that jurisdictional questions themselves need not be resolved in any prioritized order. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("While *Steel Co.* reasoned that subject-matter jurisdiction necessarily precedes a ruling on the merits, the same principle does not dictate a sequencing of jurisdictional issues."); *In re Madison Guar. Sav. & Loan Ass'n*, 173 F.3d 866, 870 (D.C. Cir. 1999) (while "it is not proper for federal courts to proceed immediately to a merits question despite jurisdictional objections[,] . . . there is no hierarchy of jurisdictional questions, so that we have no difficulty dismissing a case on one jurisdictional bar rather than another") (citation and quotation omitted). Thus, we may resolve plaintiffs' § 7433 claims based on other jurisdictional failings without the need to remand for further proceedings on the unsettled exhaustion question.

-6-

(9th Cir. 1994), nor can taxpayers invoke § 7433 to challenge collection of their taxes from property owned by others, *see Allied/Royal Parking L.P. v. United States*, 166 F.3d 1000, 1005 (9th Cir. 1999); *Ludtke v. United States*, 84 F. Supp.2d 294, 300 (D. Conn. 1999), and (3) because § 7433 refers only to noncompliance with statutes and regulations, claims of other wrongdoing do not implicate jurisdiction under § 7433, *see Gonsalves v. United States*, 782 F. Supp. 164, 171 (D. Me.), *aff'd*, 975 F.2d 13, 16 (1st Cir. 1992). *See generally Overton v. United States*, No. 99-2069, 2000 WL 14274 at **2 (10th Cir. Jan. 7, 2000) (holding limitations provision in § 7433 a jurisdictional bar for same reason) (unpublished).

In Argument No. 3, plaintiffs assert, without supporting authority, that tax assessments may be challenged under § 7433, and in Arguments Nos. 5 and 8, they press particular objections to tax and penalty assessments made against them. The district court's ruling that such matters fall outside the scope of § 7433 is in accord with the pertinent authority noted in connection with the first jurisdictional limitation above. [2] Argument No. 2 challenges the government's constitutional

---

[2] There is also a passing objection made in Argument No. 3 that the district court erroneously held the quiet title statute, 28 U.S.C. 2410, to be the exclusive remedy for improper liens and levies, foreclosing compensatory relief under § 7433. Actually, the magistrate judge merely noted that she had jurisdiction under § 2410 to review alleged procedural irregularities in this regard and went on to explain that, if there were any such problems, she would then resolve any

(continued...)

authority to impose a non-apportioned tax on income derived from property. This is also, ultimately, an objection to tax assessment and, thus, likewise falls outside the scope of § 7433. Argument Nos. 6 and 7, regarding collection activities directed against others for Larry Gass' tax liabilities, run afoul of the second jurisdictional bar noted above. Argument No. 4 challenges the IRS's authority to enforce the tax code absent published implementing regulations. This is a broad structural objection to the government's regulatory authority that goes far beyond any charge of wrongful collection activity under § 7433 and, thus, founders on the third jurisdictional limitation noted above and, more generally, the fundamental rationale underlying all of the specific jurisdictional limitations cited.

### *Bivens* **Claim**

In Argument No. 9, plaintiffs persist in their effort to assert a constitutional damages claim against revenue officer Miller under *Bivens*. As the district court recognized, plaintiffs' position is contrary to established precedent holding that

---

[2](...continued)
associated claims for damages under § 7433. *See Gass*, 1999 WL 250890 at * 7. The magistrate judge found no irregularities, obviating further inquiry under § 7433, *see id.* at *8 - *9, and plaintiffs have not specifically challenged that ruling on the merits. The magistrate judge did mention a possible quiet title claim in another context, regarding liens and levies pursued against Sandee Gass as nominee/transferee of Larry Gass. *See id.* at *10 - *11. However, plaintiffs expressly disavowed any quiet title claims, *see id.* at *1, and, as discussed above, complaints about such third party collection activities do not fall within the jurisdictional scope of § 7433.

"in light of the comprehensive scheme created by Congress to resolve tax-related disputes, individual agents of the IRS are . . not subject to *Bivens* actions." *Dahn v. United States*, 127 F.3d 1249, 1254 (10th Cir. 1997) (following *National Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1247-48 (10th Cir. 1989)).

### Amendment of Pleadings

In Argument No. 1, plaintiffs contend they should have been allowed to file an amended complaint on August 31, 1998 (the action was commenced on January 15, 1998). Their only argument in this respect is a procedural one --they were entitled to amend as a matter of right because defendants had not yet filed an answer in the case. *See* Fed. R, Civ. P. 15(a) (allowing amendment "once as a matter of course at any time before a responsive pleading is served"). They try to circumvent the fact that they had already filed an "Amendment and Addition to Complaints" on January 26, 1998, by insisting that document was really just a mistitled *supplemental* pleading under Rule 15(d) relating to events occurring after the original complaint, and thus should not have counted against them under Rule 15(a). Actually, the January 26 submission related to pre-filing events (e.g., challenging the 1987-92 assessments for lack of deficiency notices) as well as later ones, and therefore exhausted plaintiffs' one permissive amendment under Rule 15(a). Moreover, as for substance, the district court considered the claims in the August 31 complaint along with those in the initial pleadings and concluded

amendment would be futile.  Plaintiffs do not challenge that conclusion on the merits.  To the extent their arguments elsewhere may be deemed implicitly reasserted in this connection, they are groundless for reasons already stated.

**IRS Summonses**

As noted earlier, the IRS served administrative summonses on two banks and Century 21 Valley Realty as part of an inquiry into plaintiffs' tax liability for 1995-96.  Plaintiffs moved to quash under § 7609(b), asserting four objections they now repeat under Argument No. 10.  First, they object to any summons issued pursuant to a statute not implemented by formal, published regulations.  This is another instance of the same argument pursued, inappropriately, under § 7433.  Here, though, there appears to be no threshold jurisdictional bar to raising such a challenge to the enforcement of a summons.  The argument itself, however, is meritless.

Courts have consistently, and in a variety of contexts, rejected the claim that provisions of the tax code must be implemented by regulation before being effective.  *See, e.g., Hudson v. United States*, 766 F.2d 1288, 1291 (9th Cir. 1985) (assessment of civil penalties for frivolous returns); *Welch v. United States*, 750 F.2d 1101, 1110-11 (1st Cir. 1985) (same); *Kahn v. United States*, 753 F.2d 1208, 1222 n.8 (3d Cir. 1985) (same); *Granse v. United States*, 892 F. Supp. 219, 224-25 (D. Minn. 1995) (determination of tax liability using substitute-for-return

method of 26 U.S.C. § 6020); *United States v. Hicks*, 947 F.2d 1356, 1360 (9th Cir. 1991) (enforcement of criminal penalties for willful failure to file); *United States v. Bowers*, 920 F.2d 220, 221-22 (4th Cir. 1990) (same). *See also Lonsdale v. United States*, 919 F.2d 1440, 1444-47 (10th Cir. 1990) (holding "utterly meritless" plaintiff's claim that IRS lacked authority to issue summons or impose liens/levies because tax forms and internal Treasury Department orders delegating authority to IRS Commissioner were not published in Federal Register). The courts note several deficiencies in these claims, but the predominant theme is that promulgation of administrative guidelines is unnecessary when the IRS is simply following the plain directives of the tax code. Many of the cases also hold that such guidelines as do exist merely effectuate or explain the statutory directives and, for that reason as well, do not trigger the publication requirement. Plaintiffs do not cite any contrary authority.

Plaintiffs' second objection is that the summonses were issued in connection with an unconstitutional tax. They argue that a direct tax on their property income is invalid for lack of constitutionally mandated apportionment. This argument is frivolous, *see, e.g.*, *Charzuk v. Commissioner*, 771 F.2d 471, 4773 (10th Cir. 1985) (quoting *Ficalora v. Commissioner*, 751 F.2d 85, 87-88 (2d Cir. 1984), following *New York ex rel. Cohn v. Graves*, 300 U.S. 308 (1937)), as we have already told plaintiffs on their appeal from the Tax Court decision

affirming the 1994 assessments against them, *see Gass*, 1997 WL 606987, at **1 (holding plaintiffs' "allegations that the taxes imposed are unlawful direct taxes . . . are frivolous" and imposing sanction under Fed. R. App. P. 38).

Plaintiffs' third objection concerns the sufficiency of service made on the third-party institutions. However, plaintiffs lack standing "to assert as defenses enforcement issues which only affect the interests of the third-party record keeper, such as the defense that the third-party record keeper was not properly served with the summons." *Wright v. United States*, 964 F. Supp. 336, 338 (M.D. Fla.) (quoting Senate Report on § 7609), *aff'd*, 132 F.3d 1461 (11th Cir. 1997); *see King v. United States*, 684 F. Supp. 1038, 1041 (D. Neb. 1987).

Finally, plaintiffs object that they did not receive notice, as required under § 7609(a), of the third-party summonses served on Century 21 Valley Realty. However, this right to notice is expressly limited to summonses issued to the "recordkeepers" defined in § 7609(a)(3), and Century 21 Valley Realty does not fall within the definition. The courts have consistently enforced this restrictive provision with respect to a variety of third parties, including, specifically, a realty and mortgage company. *See United States v. Income Realty & Mortgage, Inc.*, 612 F.2d 1224, 1226 (10th Cir. 1979); *see also, e.g., Ponsford v. United States*, 771 F.2d 1305, 1308 (9th Cir. 1985) (following *United States v. Brewer*, 681 F.2d 973, 975 (5th Cir. 1982)); *Conner v. United States*, 947 F. Supp. 1267, 1269-70

(N.D. Ind. 1996). Plaintiffs have no answer to this fatal weakness in their position, other than to note that § 7609 has been amended to require notice for many third-party summonses without the restrictive "recordkeeper" definition. That amendment, effective for summonses issued after its enactment on July 22, 1998, *see* Pub. L. No. 105-206, § 3415(d), however, is inapplicable here.

**Appellate Sanction**

Appellees have filed a motion under Fed. R. App. P. 38 and 28 U.S.C. § 1912 seeking a $2,000 sanction against plaintiffs for maintaining a frivolous appeal. Plaintiffs have filed a response to the motion, opposing the sanction in principle but not in amount. Based on the foregoing analysis of the arguments advanced on appeal, we conclude the requested sanction is appropriate and consistent with other tax cases reflecting a comparable level of meritlessness. *See, e.g.* , *Lonsdale* , 919 F.2d 1440; *Charzuk* , 771 F.2d 471. Indeed, plaintiffs have already been sanctioned by this court for frivolously contesting the constitutionality of taxes on their rental income, which they continue to challenge here. *See Gass* , 1997 WL 606987.

The judgment of the United States District Court for the District of Colorado dismissing this action is AFFIRMED. Appellants' request to file supplemental authority is granted. Appellees' motion for sanctions is granted. We hereby impose against appellants, jointly and severally, a sanction of $2,000 pursuant to Rule 38 and § 1912.

Entered for the Court

Michael R. Murphy
Circuit Judge