Kevin FISHER, et al., Petitioners,

v.

UNITED STATES of America, et al., Respondents.

Case No. C09–933JLR.

United States District Court, W.D. Washington, at Seattle.

Oct. 16, 2009.

Kevin Fisher, Kingston, WA, pro se.

Carrie Fisher, Kingston, WA, pro se.

Shayla McCormally, U.S. Department of Justice, Washington, DC, for Respondents.

## ORDER

JAMES L. ROBART, District Judge.

### I. INTRODUCTION

This matter comes before the court on the United States of America's motion to dismiss and summarily deny Petitioners Kevin Fisher and Carrie Fisher's ("Fishers") amended petition to quash third-party summonses (Dkt. # 5). The Fishers have not filed a response to the motion.[1] Having reviewed the motion, as well as all papers filed in support and the balance of the record, and deeming oral argument unnecessary, the court GRANTS the motion (Dkt. # 5) and directs the Clerk to DISMISS this action with prejudice and to enter judgment in favor of the United States.

### II. BACKGROUND

The Fishers have not filed federal income tax returns for the 2003 to 2008 tax years. (Declaration of Sandy Bowman

---

1. The Fishers's failure to file a response may be considered by the court as an admission that the motion has merit. Local Rule W.D. Wash. CR 7(b)(2).

("Bowman Decl.") (Dkt. # 6) ¶ 4.) In response, the Internal Revenue Service ("IRS") initiated an investigation to determine the Fishers's tax liabilities. (Bowman Decl. ¶ 2.) Sandy Bowman, the IRS agent conducting the investigation, states that the Fishers have used multiple "nominee entities" to divert income. (Bowman Decl. ¶ 3.)

In June and July of 2009, Agent Bowman issued a total of 23 administrative summonses on 12 companies for records related to the Fishers and their nominee entities. (Bowman Decl. ¶¶ 7–10.) Agent Bowman provided notice of the summonses to the Fishers. (*Id.*) In filing this petition, the Fishers invoked 26 U.S.C. § 7609 to quash the summonses, naming the United States, the IRS, and Agent Bowman as respondents.

### III. ANALYSIS

This matter raises legal issues similar or identical to those addressed by the Honorable Richard A. Jones in a previous petition filed by the Fishers to quash IRS summonses. *See Fisher v. United States,* No. C08–1795RAJ, 2009 WL 2187552 (W.D.Wash. May 18, 2009). In that action, Judge Jones issued two orders, ultimately dismissing the Fishers's petition with prejudice and concluding that their arguments were meritless. Having reviewed Judge Jones's thoughtful and well-reasoned orders, the court adopts much of Judge Jones's reasoning, as discussed below.

### A. The Court Dismisses the IRS and Agent Bowman as Respondents

■ The court grants Respondents' request to dismiss the IRS and Agent Bowman as Respondents in this matter. (Mot.(Dkt. # 5) at 7–9.) The sole jurisdictional basis for the Fishers's petition is 26 U.S.C. § 7609, which only permits a suit against the United States, not against the IRS or its agents. *See Kernan v. Internal Revenue Serv.,* No. MC05–0172–PHX–

JAT, 2006 WL 2091668, at *1 & n. 2 (D.Ariz. July 25, 2006). Regardless whether the Fishers have valid claims against the IRS or Agent Bowman, they cannot pursue them via their 26 U.S.C. § 7609 petition. The court therefore dismisses the IRS and Agent Bowman as Respondents in this action and substitutes the United States in their stead.

### B. Subject Matter Jurisdiction and Transfer

26 U.S.C. § 7609(h)(1) vests the "United States district court for the district within which the person to be summoned resides or is found" with jurisdiction to hear a petition to quash an IRS summons. The Ninth Circuit interprets this provision to strip subject matter jurisdiction from any district court in which the person to be summoned neither resides nor is found. *Fortney v. United States,* 59 F.3d 117, 119 (9th Cir.1995). However, Ninth Circuit case law provides no clear answer as to when an entity is "found" within a judicial district for purposes of assessing subject matter jurisdiction. While some courts ask solely whether the address from which the records are summoned is within the judicial district, others inquire whether the entity has a branch office or other physical presence within the district. *See Fisher,* 2009 WL 2187552, at *1–2; *Grant v. Internal Revenue Serv.,* No. MC–06–0079–PHX–DGC, 2006 WL 3716752, at n. 2 (D.Ariz. Nov. 28, 2006) (citing cases).

Here, Agent Bowman issued summonses to certain financial institutions at their corporate headquarters located outside of Washington. (Bowman Decl. ¶¶ 14–17.) Specifically, Agent Bowman issued summonses to Equifax Information Services, LLC, in Atlanta, Georgia (Bowman Decl. ¶ 14); to TransUnion LLC in Chicago, Illinois (Bowman Decl. ¶ 15); to Experian Information Solutions in Allen, Texas

(Bowman Decl. ¶ 16); and to PayPal, Inc. by facsimile in San Jose, California (Bowman Decl. ¶ 17). The United States argues that the court should interpret the term "found" to require that the summonsed entity maintains branch offices within the district. (Mot. at 11.)

The court need not determine the meaning of "found" for purposes of the present motion. *See Fisher,* 2009 WL 2187552, at *2. To the extent any of the summoned entities were "found" in this district, the court would dismiss the Fishers's petition as to those entities on the merits, for the reasons stated below. By contrast, to the extent any of the summonsed entities were not "found" in this district, the court lacks subject matter jurisdiction and, as discussed below, declines to transfer the petition to another district

▮▮▮ Pursuant to 28 U.S.C. § 1631, a transfer to cure a want of jurisdiction is mandatory, provided it is in the interest of justice. *Rodriguez–Roman v. I.N.S.,* 98 F.3d 416, 423 & n. 9 (9th Cir.1996); *Hays v. Postmaster Gen.,* 868 F.2d 328, 331 (9th Cir.1989). As the Ninth Circuit teaches, "[j]urisdictional defects that arise when a suit is filed in the wrong federal court may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631." *Clark v. Busey,* 959 F.2d 808, 812 (9th Cir.1992). Section 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other court in which the action or appeal could have been brought at the time it was filed....

28 U.S.C. § 1631. Although the parties did not raise the issue of transfer, the court raises it *sua sponte. Hays,* 868 F.2d at 331. The court's consideration of a § 1631 transfer has three parts: (1) the court must find that it lacks subject matter jurisdiction, (2) it must find that the transferee court would have had subject matter jurisdiction if the case had been filed on the same date as the instant action, and (3) it must find that the transfer is in the interest of justice. *Id.*

▮▮▮ The first two factors are easily satisfied here. The court will assume that it lacks subject matter jurisdiction as to one or more of the summonsed entities because they are not "found" in this district. Further, had the Fishers challenged the summonses issued on these entities in districts in which the entities could be "found," the courts hearing those actions would have had subject matter jurisdiction.[2] Transfer thus turns on the third factor, namely, whether transfer is in the interest of justice. It is not. In addressing this factor, a court may consider whether the petitioner was aware of the jurisdictional issue when he or she filed the action, and may also consider whether the petitioner is *pro se. Puri v. Gonzales,* 464 F.3d 1038, 1043 (9th Cir.2006); *Rodriguez–Roman,* 98 F.3d at 424. However, the interests of justice are not served where the action was brought for an improper purpose, *Puri,* 464 F.3d at 1038, or the action is weak on the merits, *Howitt v. U.S. Dep't of Commerce,* 897 F.2d 583, 584 (1st Cir.1990). The court may also consider the petitioner's good faith or bad faith in bringing the action, and any prejudice that would accrue to the petitioner. *Cruz–Aguilera v. I.N.S.,* 245 F.3d 1070, 1074 (9th Cir.2001).

Here, the court finds that transfer of the Fishers's petition is not in the interest of

---

**2.** Section 1631 addresses only the transfer of an entire "action," but nothing in the statute suggests that the court cannot, before applying § 1631, follow its obligation under Fed. R.Civ.P. 21 to sever an action rather than dismissing it as a penalty for misjoinder.

justice. The court acknowledges that the Fishers are *pro se* petitioners, that the law remains unsettled regarding where a summoned entity is "found," and that the Fishers cannot simply re-file petitions challenging the administrative summonses in the proper venue because the 20–day window for doing so has passed. 26 U.S.C. § 7609(b)(2)(A); *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir.1985). Nonetheless, the Fishers would not suffer prejudice because their petitions would fail on the merits even if transferred. As discussed below, the Fishers have raised no meritorious bases for quashing the summonses. Furthermore, the court is mindful that the majority of the arguments raised by the Fishers in this action were previously considered and rejected on the merits by Judge Jones. The Fishers thus had every reason to know that their arguments would find no better favor when repeated here. Finally, the Fishers have not responded to the United States' motion or requested transfer themselves. In sum, the whether the court dismisses the petition for lack of subject matter jurisdiction or on the merits, the Fishers's petition would be dismissed. Transfer therefore would not further the interest of justice and the court declines to do so.

**C. To the Extent Not Dismissed for Lack of Subject Matter Jurisdiction, the Court Dismisses as Moot the Petition With Respect to the Summons Issued on Bank of America**

 The court dismisses as moot the Fishers's petition to the extent they seek to quash the summons issued to Bank of America. Agent Bowman withdrew this summons on September 3, 2009. (Bowman Decl. ¶ 12.) In general, a petition to quash is rendered moot when the summons is withdrawn. *See Thompson v. United States*, No. 06–4572 (PAM/JSM), 2007 WL 773713, at *1 (D.Minn. Mar. 12, 2007); *Dame v. United States*, 643 F.Supp.

533, 534 (S.D.N.Y.1986). The Fishers have made no showing that this claim is not moot. The court therefore dismisses this claim as moot.

**D. To the Extent Not Dismissed for Lack of Subject Matter Jurisdiction, the Court Dismisses the Petition on the Merits**

 Upon receiving a petition to quash a summons, the United States must make a prima facie showing that the summons was issued in good faith. *Stewart v. United States*, 511 F.3d 1251, 1254 (9th Cir.2008) (citing *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964)). "Specifically, the IRS must establish that the summons (1) was issued pursuant to a 'legitimate purpose'; (2) seeks information 'relevant' to that purpose; (3) seeks information that is 'not already within the Commissioner's possession'; and (4) satisfies all 'administrative steps required by the Code.'" *Id.* (quoting *Powell*, 379 U.S. at 57–58, 85 S.Ct. 248). The burden of making a prima facie case is "a slight one," and the United States can meet it with a declaration from the IRS agent who served the summons. *Fortney*, 59 F.3d at 120. If the United States meets its burden, the petitioner bears a "heavy burden" to show an abuse of process or a lack of good faith by the IRS. *Id.*

 Agent Bowman's declaration makes out a prima facie showing of good faith. In her declaration, Agent Bowman states that the Fishers did not pay taxes for six years and that she is investigating this matter. (Bowman Decl. ¶¶ 2, 4.) She further avers that the challenged summonses were designed to shed light on the financial activities of the Fishers. (Bowman Decl. ¶ 21.) Agent Bowman declares that the IRS is not in possession of the documents sought by the summonses, al-

though the IRS has received certain documents apparently in response to the summonses. (Bowman Decl. ¶ 20.) Finally, Agent Bowman avers that she has followed all administrative steps for issuance of the summonses. (Bowman Decl. ¶ 23.) This makes out a prima facie showing of good faith. *See Stewart*, 511 F.3d at 1255. The Fishers have not responded to the United States' motion, and they have not otherwise offered either evidence or argument sufficient to rebut the United States' prima facie showing.

The court further concludes that all of the arguments submitted by the Fishers in support of their petition are without merit. First, they argue that the summonses "are an illegal subterfuge to gather documents" because the summons seek information relating to entities other than the Fishers. (Am. Pet. ¶¶ 32–34, 36–38.) 26 U.S.C. § 7602 confers broad powers on the IRS to issue summonses in the course of its investigations into tax liability. This grant of power encompasses the authority to issue summonses relating to the records of a taxpayer's related entities. 26 U.S.C. § 7602(a). Without more, the Fishers have not shown that the IRS acted improperly on this ground.

Second, the Fishers contend that the summons delivered by facsimile to PayPal was not properly served pursuant to the requirements of 26 U.S.C. § 7603. (Am. Pet. ¶ 35.) "Although § 7609 allows the taxpayer to stand in the shoes of the third party record keeper, there is a limit on this grant of standing." *King v. United States*, 684 F.Supp. 1038, 1041 (D.Neb. 1987). Section 7609 "was intended to permit the taxpayer to raise issues that relate to an interest in nondisclosure of information, but not to allow the taxpayer to assert issues that are of meaningful concern only to the third-party recordkeeper because they involve its burden to produce information." *Wright v. United States*,

964 F.Supp. 336, 338 (M.D.Fla.1997). Whatever the merits of this attack on service, the Fishers do not have standing to raise it here pursuant to § 7609 because the issue whether PayPal was served by facsimile or otherwise only affects the interests of PayPal, not the Fishers. *Id.*; *King*, 684 F.Supp. at 1041.

Third, the Fishers argue that the summonses must be quashed as "overly broad." (Am. Pet. ¶ 39.) The United States contends that the Fishers do not have standing to raise this challenge, but also asserts that, in any event, the summonses are not overbroad. (Mot. at 19–20.) As with the issue of service, discussed above, some courts have concluded that a taxpayer does not have standing to raise an overbreadth challenge when the summons is directed to a third-party. *E.g., Wallace v. United States*, No. 90–F–1000, 1990 WL 165289, at *2 (D.Colo. Sept. 19, 1990); *King*, 684 F.Supp. at 1041; *United States v. First Pa. Bank*, 453 F.Supp. 457, 461 (E.D.Pa.1978). Even assuming standing, the Fishers have not shown that the summonses are overbroad. An IRS summons is overbroad if it "does not advise the summoned party what is required of him with sufficient specificity to permit him to respond adequately to the summons, and where enforcement would constitute an unreasonable search in violation of the Fourth Amendment." *United States v. Wyatt*, 637 F.2d 293, 302 n. 16 (5th Cir.1981). Having reviewed the summonses, the court concludes that the summonses, though broad, are sufficiently specific, without being unduly intrusive, to warrant enforcement. *See United States v. Henkell*, No. 96–314 WBS GGH, 1997 WL 401519, at *6 (E.D.Cal. Apr. 2, 1997).

Fourth, the Fishers assert that the summonses must be quashed because they were not verified by written declaration in accordance with 26 U.S.C. § 6065.

(Am. Pet. ¶ 41.) Contrary to the Fishers's argument, however, courts interpret 26 U.S.C. § 6065 to apply only to taxpayers, not to IRS agents. *E.g., Morelli v. Alexander,* 920 F.Supp. 556, 558 (S.D.N.Y. 1996); *Larrew v. United States,* No. CIVA3:01–CV–350–M, 2001 WL 790246, at *2 (N.D.Tex. June 11, 2001). Even were the statute interpreted to require verification by an IRS agent, a purely technical violation of the statute would not suffice to show bad faith. Because the Fishers have not presented any evidence of falsity or improper conduct, the lack of verification is insufficient to support the Fishers's request to quash the summonses.

▮ Fifth, the Fishers contend that the summonses must be quashed because they were not attested as required by 26 U.S.C. § 7603. (Am. Pet. ¶ 42.) Section 7603 provides that the summoned third party must receive an attested summons. In the Ninth Circuit, however, the taxpayer who is the subject of the underlying investigation need not receive an attested summons. *Fortney,* 59 F.3d at 120–21. An attested summons is one that has "been examined and compared with the original, with a certificate or memorandum of its correctness, signed by the persons who have examined it." *Mimick v. United States,* 952 F.2d 230, 232 (8th Cir.1991). The Fishers present no evidence that the summonses Agent Bowman served were not true and correct copies of the original. Absent such evidence, the failure to attest a summons is at most a technical defect and does not show bad faith on behalf of the United States. *See Methvin v. United States,* No. CIV. 98–1513 ST, 1999 WL 458976, at *5 (D.Or. June 21, 1999) ("[T]he failure to provide an attested copy of the summons is not a sufficient ground on which to grant a motion to quash."); *see also Mimick,* 952 F.2d at 232 (finding that lack of attestation was insufficient to establish bad faith).

Sixth, the Fishers seek to quash the summonses on the ground that they do not meet the requirements of 12 U.S.C. §§ 3403 and 3405. (Am. Pet. at 43.) This argument carries no weight. *Wheeler v. United States,* 459 F.Supp.2d 399, 406 n. 3 (W.D.Pa.2006); *Kernan,* 2006 WL 2091668, at *4. As explained in 12 U.S.C. § 3413(c), "Nothing in this chapter prohibits the disclosure of financial records in accordance with procedures authorized by Title 26." The Fishers are not entitled to have the summonses quashed on this ground.

The court concludes that the Fishers have presented no evidence from which a fact finder could conclude that Agent Bowman acted in bad faith on behalf of the United States. Accordingly, no evidentiary hearing is necessary. *Fortney,* 59 F.3d at 121. The court therefore grants the United States' motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS the United States' motion to dismiss (Dkt. # 5). The court directs the Clerk to DISMISS this action with prejudice and enter judgment in favor of the United States.