**UNITED STATES of America, and Richard A. Duke, Special Agent of the I.R.S., Petitioners,**

v.

**G & G ADVERTISING CO. and Will D. Grisham, Pres., Respondents.**

**No. 84 Misc 031.**

United States District Court, E.D. Missouri, E.D.

Sept. 14, 1984.

Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for petitioners.

Rosenblum, Goldenhersh, Silverstein, & Zafft, P.C., David V. Capes, St. Louis, Mo., for respondents.

## MEMORANDUM

HUNGATE, District Judge.

This petition to enforce Internal Revenue Service (IRS) summons was initiated on January 23, 1984, regarding a summons issued on July 5, 1983. The government seeks discovery of numerous records relating to G & G Advertising Company and Pier I Imports for the period from May 1, 1977, through April 30, 1981. The summons is directed to Will D. Grisham in his capacity as President of G & G Advertising Company.

Pursuant to 28 U.S.C. § 636(b), the petition was referred to United States Magistrate William S. Bahn for recommended disposition. The Magistrate denied respondents' motion for discovery, granted the government's motion for protective order, and recommended that the IRS summons be enforced. Respondents seek to have the Magistrate overruled as to each of these points.

In objecting to the Magistrate's conclusion as to the summons' enforceability, respondents argue that their affirmative defenses were not considered. Before addressing this argument, the Court adopts the Magistrate's finding that the IRS has satisfied the requirements outlined in *United ed States v. LaSalle National Bank*, 437 U.S. 298, 313–14, 98 S.Ct. 2357, 2365–66, 57 L.Ed.2d 221 (1978), for enforcement of summons. Additionally, the Court rejects any contention that respondent Grisham has a fifth amendment right to refuse pro-

duction of the records of a now-defunct corporation of which he was president.

> This Court has ... time and again allowed subpoenas against the custodian of corporate documents or those belonging to other collective entities such as ... bankrupt businesses over claims that the documents will incriminate the custodian despite the fact that producing the documents tacitly admits their existence and their location in the hands of their possessor.

*Fisher v. United States,* 425 U.S. 391, 411–12, 96 S.Ct. 1569, 1581, 48 L.Ed.2d 39 (1976).

■ Respondent Grisham's reliance on *United States v. John Doe,* — U.S. —, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984), for the proposition that the act of producing the instant records is privileged, is misplaced. Contrary to respondent Grisham's assertion, he is not being asked to produce records of a sole proprietorship, but instead is being directed in a representative capacity to produce corporate records, of a corporation no longer in existence. "Even after the dissolution of a corporation and the transfer of its books to individual stockholders, the transferees may not invoke their privilege with respect to the former corporate records." *Curcio v. United States,* 354 U.S. 118, 122, 77 S.Ct. 1145, 1148, 1 L.Ed.2d 1225 (1957). Thus, the summons is enforceable absent assertion of a valid privilege by respondent. *See United States v. Blackburn,* 538 F.Supp. 1376, 1378–79 (M.D.Fla.1982).

■ Respondents assert that enforcement of the summons would constitute abuse of the judicial process, and that they are entitled to refuse to comply with the summons because "the evidence upon which it was based was illegally obtained by fraud, deceit and coercion in contravention of respondent's right to be free of unreasonable search and seizure under the Fourth Amendment and right under the Fifth Amendment not to be compelled to give evidence against himself." Respondents' March 6, 1984, Memorandum in Support of Motion for Deposition and Continu-

ance, at p. 1. Respondents rely on the principles set forth in *United States v. Beacon Federal Savings & Loan,* 718 F.2d 49 (2d Cir.1983), wherein the appellate court reversed the district court's rejection, as a matter of law, of a fourth amendment defense in a summons enforcement proceeding. Respondents have not provided the Court with any Eighth Circuit precedent for this holding. However, even were the Court to accept the *Beacon Federal* analysis on enforcement against a fourth amendment defense, respondents' argument must be overruled. *Beacon Federal* is inapposite in the instant case.

Accepting as true the facts alleged by respondent Grisham's wife at the hearing conducted by Magistrate Bahn, petitioner Duke and another agent arrived at the Grisham home at 8:00 a.m. on November 22, 1982, and demanded to see respondent when Mrs. Grisham informed them that her husband was ill in bed and could not see anyone; the agents then replied that he had fifteen minutes to get dressed. Mrs. Grisham relayed this message to her husband, who then approached the agents while still dressed in pajamas, and allowed the agents to enter. The agents spoke with Grisham for some time before advising him of his rights, and their manner was intimidating. Grisham neither dressed nor ate in the course of the agents' five-hour stay. At one point, Grisham allowed the agents to examine records being kept in the basement of his home. Subsequently, the IRS summons was issued, and respondents assert that the summons should be unenforceable as fruit of the government's allegedly unconstitutional actions.

As noted in *Beacon Federal,* the taxpayer bears a heavy burden of making a substantial preliminary showing of abuse before discovery or an evidentiary hearing is required. While respondents may well have borne this burden as to abuse in connection with any statements made by Grisham in the course of the November 22, 1982, interview, there is nothing to support respondents' allegation that the records' existence was discovered at that time. Ab-

sent that, the summons is enforceable, particularly since petitioner Duke testified that his information was based on tax returns and charter articles of incorporation, as well as the November 22, 1982, interview. Tr. at 51. The corporate records which are the subject of the IRS summons may properly be examined by the IRS. *See United States v. Sourapas,* 515 F.2d 295, 299–300 (9th Cir.1975).

Finally, the Court rejects respondent Grisham's contention that his discovery requests should be allowed. Grisham has been afforded the opportunity to cross-examine petitioner Duke and has failed to raise any substantial question regarding the government's purpose in the investigation or the government's discovery of the records sought to be produced. *See United States v. Lask,* 703 F.2d 293, 299–300 (8th Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 104, 78 L.Ed.2d 107 (1983).

Accordingly, the summons will be enforced at this time.