**UNITED STATES of America and Richard A. Duke, Special Agent of the Internal Revenue Service, Appellees,**

v.

**G & G ADVERTISING COMPANY and Will D. Grisham, President, Appellants.**

No. 84–2255.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1985.

Decided May 16, 1985.

David Capes, Clayton, Mo., for appellants.

William Whitledge, Dept. of Justice, Washington, D.C., for appellees.

Before LAY, Chief Judge, McMILLIAN, Circuit Judge, WOODS,* District Judge.

---

* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

LAY, Chief Judge.

Will Grisham, president of G & G Advertising Company, appeals from an order of the district court, the Honorable William L. Hungate, enforcing an Internal Revenue Service summons issued under 26 U.S.C. § 7602 (1982). 592 F.Supp. 1278 (D.C.Mo. 1984). We affirm the enforcement of the summons.

In 1981 G & G Advertising Company's charter lapsed; Grisham thereafter operated it as a sole proprietorship. In 1982 the IRS began an investigation of G & G Advertising Company and Pier 1 Imports, another corporation in which Grisham was involved. On the morning of November 22, 1982, two IRS agents arrived at Grisham's home unannounced and requested to see Grisham. Grisham was allegedly ill and the agents were so informed. The agents read Grisham his rights after the interview had begun and remained for four or five hours. During the course of the interview Grisham showed the agents some corporate records but refused to allow the agents to take the records with them. Before leaving, the agents agreed they would meet with Grisham in January 1983, at which time he would produce all of his records.

The January meeting never took place. The IRS interviewed Grisham's accountant and summoned documents from third parties. On July 5, 1983, pursuant to section 7602, an IRS summons was issued to "G & G Advertising Company c/o Will D. Grisham, President" requesting all documents "relating to G & G Advertising Company and Pier 1 Imports for the period 5–1–77 through 4–30–81 * * *." Grisham appeared at the IRS office in St. Louis on August 29, 1983 but refused to produce any documents or answer questions. The IRS subsequently petitioned the district court for enforcement of the summons under section 7604.

A hearing was held in April 1984 before United States Magistrate William S. Bahn. The magistrate denied Grisham's motion

for discovery, granted the IRS's motion for a protective order, and recommended enforcement of the summons. After considering Grisham's objections, the district court affirmed the magistrate's action and ordered the summons enforced. This appeal followed.

In *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), the Supreme Court defined the prima facie case which the IRS must make when seeking summons enforcement. *See also United States v. LaSalle National Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978); *United States v. Lask*, 703 F.2d 293 (8th Cir.), *cert. denied*, ── U.S. ──, 104 S.Ct. 104, 78 L.Ed.2d 107 (1983).[1] Grisham does not dispute that the government has made the required showing. However, Grisham contends enforcement of the summons would be an abuse of the court's process because the IRS has engaged in unconstitutional conduct. *See Powell*, 379 U.S. at 58, 85 S.Ct. at 255; *United States v. Beacon Federal Savings and Loan*, 718 F.2d 49, 52 (2d Cir.1983). The taxpayer bears the burden of proof on this issue. *Powell*, 379 U.S. at 58, 85 S.Ct. at 255. On appeal Grisham raises three issues: (1) whether the district court erred in enforcing a summons based on unconstitutional conduct; (2) whether the documents sought are protected by the fifth amendment; and (3) whether discovery should have been allowed, given Grisham's prima facie showing of IRS abuse.

The first issue raised by Grisham is based on *Beacon Federal*, which held that enforcement may be denied when the summons is based on a fourth amendment violation. 718 F.2d at 54–55. In the present case, no documents were copied or taken, as occurred in *Beacon Federal*. Grisham complains that the November 22, 1982 interview at his home was coercive, intimidating and based on deception. Since the agents were voluntarily admitted into the house and neither took nor copied any documents, it is difficult to comprehend any constitutional dimension to Grisham's complaint. He does allege the agents failed to read him his rights at the outset of the interview. Nonetheless, Grisham was informed of his rights within the first twenty minutes and, since this was a non-custodial interview, *Miranda* has no application. *Beckwith v. United States*, 425 U.S. 341, 347–48, 96 S.Ct. 1612, 1616–17, 48 L.Ed.2d 1 (1976). We fail to perceive any unconstitutional conduct which would rise to the level of concern expressed by the Second Circuit in *Beacon Federal*. Grisham failed to bear his burden of proof and the district court was correct in concluding enforcement of the summons would not constitute an abuse of the court's process.

The summons, addressed to "G & G Advertising Company," did not clearly indicate whether it sought corporate records or the records of the sole proprietorship which succeeded the corporation. The fifth amendment can be invoked by one who is asked to produce the records of a sole proprietorship. *United States v. Doe*, 465 U.S. 605, 104 S.Ct. 1237, 1245, 79 L.Ed.2d 552 (1984). Corporate records, however, are not privileged and must be produced. *See Bellis v. United States*, 417 U.S. 85, 88–89, 94 S.Ct. 2179, 2183–2184, 40 L.Ed.2d 678 (1974). The summons issued to Grisham indicated the documents sought were for the time period of May 1, 1977 to April 30, 1981. During most, if not all, of this time G & G Advertising Company functioned as a corporation. The district court concluded the summons sought corporate records and we believe Grisham was reasonably informed of this fact by the summons.

In any case, Grisham's blanket refusal to comply with the summons was improper. He should have produced all corporate records from the time period covered by the summons and raised specific

---

1. The requirement that the summons not issue for a solely criminal investigation, *LaSalle*, 437 U.S. at 313–17, 98 S.Ct. at 2365–68, has been negated by the 1982 amendment to § 7602(b) which allows inquiry into "any offense," so long as the case has not been turned over to the Justice Department. *See United States v. Claes*, 747 F.2d 491, 496 (8th Cir.1984).

objections for particular documents, if any, which he believed were generated by the sole proprietorship rather than the corporation. In addition, Grisham should have answered all questions pertaining to the corporate documents and raised his fifth amendment privilege only in response to individual questions which might tend to incriminate Grisham personally. *Cf. Daly v. United States,* 393 F.2d 873 (8th Cir. 1968). The IRS could then seek summons enforcement as to the specific documents and questions and the district court could weigh each claim of privilege. Under this procedure, fifth amendment rights may be preserved while the obstruction of tax assessment and collection is minimized. *See United States v. Bell,* 448 F.2d 40, 42 (9th Cir.1971).

■ In support of his claim that the IRS was abusing the court's process, Grisham sought discovery of IRS files and memoranda. Since we have found no unconstitutional conduct on the part of the IRS, we must affirm the district court's denial of discovery. Courts should be wary of impeding the assessment and collection of taxes. The burden is on the taxpayer to show that the IRS's review may be improper. Although Grisham may not have been treated as politely and straightforwardly as he might have liked, this does not rise to the level of a constitutional violation. We find Grisham failed to raise any substantial question regarding the propriety of the IRS investigation.

The order of the district court enforcing the IRS summons is affirmed.