Jan CATES, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 1:96CV0606.

United States District Court, N.D.Ohio, Eastern Division.

April 29, 1997.

Jan Cates, Loudonville, OH, for Plaintiff.

Gregory S. Nickerson, Department of Justice, Ben Franklin Station, Washington, DC, for Defendant.

*MEMORANDUM OF OPINION AND ORDER DENYING PETITION TO QUASH SUMMONS AND GRANTING MOTION TO ENFORCE SUMMONSES*

WELLS, District Judge.

This case is before the Court on the petition of Jan Cates to quash summonses issued by respondent United States to third party record keepers, and on the motion of the United States to enforce the summonses and to deny the petition to quash. For the reasons that follow, the Court finds it lacks subject jurisdiction over petitioner's claims with respect to the summonses issued to third party record keepers outside the Northern District of Ohio. The Court further finds that the United States has established that the remaining summonses should be enforced, and petitioner has failed to show that the summonses are invalid or that enforcement of the summonses would be improper. Therefore, the Court will dismiss the petition and enforce the summonses with respect to third party record keepers within the Northern District of Ohio.

### BACKGROUND

The petition in this case seeks to quash third party record keeper summonses issued by Special Agent James Dieringer of the Internal Revenue Service and directed to seven financial institutions, for information concerning petitioner Jan Cates, The Cates Company, and Chain by the Inch. The petition alleges the summonses are fatally defective because Dieringer failed to strictly comply with the prerequisites for issuance and approval of the summonses, and to properly disclose such approval. Petitioner also asserts she and the record keepers were not served with attested copies of the summonses, and the United States failed to comply with other requirements regarding service; time and place of examination; and description of the records to be produced. Petitioner contends the scope of the summonses was not properly restricted to financial transac-

tions concerning the targets of the investigation and pertinent to enforcement of the tax laws. Finally, petitioner claims the information which permitted the United States to issue these summonses resulted from an unconstitutional search and seizure.

The United States has moved to dismiss the petition for lack of jurisdiction with respect to one bank located outside the Northern District of Ohio. The United States further asks the Court to enforce the summonses directed to four of the six banks within the Northern District of Ohio.

### LAW AND ANALYSIS

1. *Jurisdiction.*

26 U.S.C. § 7609(b)(2) provides "any person who is entitled to notice of a summons [directed to a third party record keeper] shall have the right to begin a proceeding to quash such summons." District courts are given jurisdiction over such proceedings under 26 U.S.C. § 7609(h)(1):

> The United States district court for the *district within which the person to be summoned resides or is found* shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g). . . .

(Emphasis added.) Thus, this Court has subject matter jurisdiction over this petition only to the extent that the financial institutions which received the summonses reside or are found in this district.

Copies of the summonses attached to the petition demonstrate that Bank One Texas N.A. is located in Bedford, Texas. This financial institution is not in the Northern District of Ohio, and the petition is dismissed for lack of subject matter jurisdiction with respect to the summonses directed to this institution. *See, e.g., Fortney v. United States,* 59 F.3d 117 (9th Cir.1995).

2. *Enforcement of Summonses.*

The United States argues the petition to quash should be denied in its entirety, and the summonses should be enforced as to the four financial institutions which have not produced documents as required by the sum-

monses.[1] As noted above, petitioner brings this action under 26 U.S.C. § 7609. Section 7609(a) provides that if a summons is served on a third party record keeper which requires production of records regarding the affairs of an identified person, then the person so identified must be given notice of the summons. That person has the right to begin proceedings to quash the summons within twenty days after the notice is given. 26 U.S.C. § 7609(b)(2)(A). "In any such proceeding, the Secretary may seek to compel compliance with the summons." *Id.*

■ In order to enforce its summons, the United States is required to show that (1) the summons was issued for a legitimate purpose, (2) the summoned information is relevant to the purpose, (3) the information is not already in the government's possession, and (4) the administrative steps required by the Internal Revenue Code for issuance and service of the summons have been followed. *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964). This burden is generally met by submission of an affidavit of the agent who issued the summons. *United States v. Will,* 671 F.2d 963, 966 (6th Cir.1982). If this showing is made, the burden of proof shifts to the petitioner to show that the summons was issued for an improper purpose, for example to harass the petitioner or to pressure him or her to settle a collateral dispute. *Id.; Powell, supra.*

■ In this case, the declaration of Special Agent James Dieringer demonstrates the summonses issued in this case were issued for the proper purpose of determining the petitioners' federal income tax liability for the years 1992 through 1994. See 26 U.S.C. § 7602(a). The materials sought are relevant to this purpose in the broad sense that the summoned information may throw light upon the tax liabilities under investigation. *United States v. Arthur Young & Co.,* 465 U.S. 805, 814, 104 S.Ct. 1495, 1501, 79 L.Ed.2d 826 (1984). "[T]he Service can hardly be expected to know whether such data will in fact be relevant until it is pro-

cured and scrutinized." *Id.* Furthermore, Agent Dieringer states that the records requested are not already in the possession of the IRS, and any overlap between records previously seized and those summoned is necessary to verify the correctness and completeness of the records. Finally, Agent Dieringer provided copies of the summonses and notices and describes how they were issued, indicating that all necessary procedural steps were followed.

### 3. *Petition to Quash.*

In her petition, petitioner first asserts Special Agent Dieringer did not strictly comply with the prerequisites for issuance and approval of the summonses. Special Agent Dieringer is authorized to issue summonses pursuant to Internal Revenue Service Delegation Order No. 4, as amended effective March 5, 1990. The delegation order authorizes Special Agents of the District Criminal Investigation Divisions of the IRS to "issue summonses except 'John Doe' summonses," pursuant to the Commissioner's powers under 26 U.S.C. § 7609. Petitioner does not now deny Special Agent Dieringer was authorized to issue the summonses. She does not otherwise explain how Dieringer may have lacked proper authority.

■ Petitioner argues the IRS did not issue or serve "attested copies" of the summonses on her or the third party record keepers, as required by 26 U.S.C. § 7603. Special Agent Dieringer's declaration shows that attested copies of the summonses were served on the financial institutions. Again, petitioner does not challenge this evidence, but she contends attested copies should have been served on her as well.

Petitioner argues § 7609 requires that notice be provided to her "in the manner provided in section 7603 (relating to service of summons)." Because § 7603 requires service of an "attested copy" of the summons, petitioner asserts that she must also be served with an "attested copy."

---

1. Bank One Columbus, NA and Mechanics Savings Bank have provided documents to the United States which the government has maintained

under seal pending the outcome of this case. Therefore, no order of enforcement is necessary as to these two banks.

Section 7609(a)(2) provides that notice to a person identified in a summons issued to a third-party record keeper is sufficient if:

> ... such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned....

The notice must be accompanied by a "copy of the summons" and must "contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons." 26 U.S.C. § 7609(a)(1).

Section 7609(a)(2) does not require service "in the manner provided in section 7603," but rather provides three alternative methods of serving notice, which must be accompanied by a copy of the summons. Nothing in § 7609 requires service of an attested copy of the summons. *Fortney v. United States,* 59 F.3d 117, 120 (9th Cir.1995). Petitioner here was properly served with notice of these summonses by certified mail, as allowed by § 7609(a)(2).

■ Petitioner also asserts the government failed to provide notice of summonses to a Norbert Kerwin. Under § 7609, the only persons entitled to notice of a summons directed to a third party record keeper is a "person identified in the description of the records contained in the summons." Kerwin is not identified in the description of the records contained in the summons. Therefore, he was not entitled to notice under § 7609.

Petitioner argues Kerwin was entitled to notice because the records the government requested "clearly implicate" him. Taken to its logical conclusion, this argument would mean that the government would be required to notify every person with whom petitioner conducted a transaction, because production of records concerning petitioner will disclose information about these other persons. Aside from the impossibility of providing prior notification to persons whom the government cannot identify until the records are produced, the terms of § 7609 do not require notice to such a broad class of persons.

■ Petitioner argues the names of the financial institutions to whom the summonses were issued were the fruit of an illegal search and seizure. She asks the Court to stay these proceedings pending the outcome of another action in which the legality of the search is challenged. The "fruit of the poisonous tree" doctrine is applied in proceedings to suppress evidence in a criminal case. Petitioner provides no authority for the proposition that the Court should quash summonses based on information obtained during an illegal search, simply because the information would be inadmissible in a criminal proceeding.

■ Finally, petitioner contends the government should not be permitted to examine documents produced by Bank One Columbus and Mechanics Savings Bank because the government has not moved to enforce the summonses issued to these institutions. As noted at footnote 1 above, these banks provided documents to the government which the government has sealed pending the outcome of these proceedings. Petitioner contends this procedure was improper, the government improperly possessed the documents, and it should not be permitted to review the documents absent a motion to enforce the summonses directed to these banks.

Under 26 U.S.C. § 7609(i), on receipt of a summons, the third party record keeper must assemble the records requested and be prepared to produce them on the date requested in the summons. The government may not examine any of these records before the time for filing a petition to quash has passed. 26 U.S.C. § 7609(d)(1). If a petition to quash is filed, the government may not examine the records "except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash." 26 U.S.C. § 7609(d)(2).

The government may issue a certificate to the record keeper "that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that

the taxpayer consents to the examination" of the documents by the government. 26 U.S.C. § 7609(i)(2). A third party record keeper who discloses records to the government in reliance on such a certificate or a court order requiring production of the documents "shall not be liable to any customer or other person for such disclosure." 26 U.S.C. § 7609(i)(3).

Nothing in these procedures prohibits the government from possessing documents produced by a third party record keeper. When a petition to quash is filed, the government is prohibited from examining the records absent a court order. In this case, there is no evidence here that the government examined the records produced by these banks; Special Agent Dieringer has averred that the documents were placed under seal.

The government was not required to move to enforce a summons which was already complied with. Petitioner has failed to show the summonses should be quashed. Consequently, there is no reason the government should not be permitted to examine the documents now.

### CONCLUSION

For the foregoing reasons, the Court finds it lacks subject matter jurisdiction over petitioners' motion to quash to the extent that petitioner seeks to quash summonses issued to record keepers located outside the Northern District of Ohio. The Court further finds that the United States has demonstrated that its summonses should be enforced. Petitioner has failed to demonstrate that the summonses were issued for an improper purpose, or that summonses should be quashed for any other reason. Therefore, the petition to quash will be dismissed, and the Court will enforce the summonses directed to the third party record keepers in the Northern District of Ohio who have not produced to the government the records requested in the summonses.