SCOTTY'S CONTRACTING &
STONE CO. Petitioner

v.

UNITED STATES of America
Respondent

No. CIV.A. 1:01–CV–118–M.

United States District Court,
W.D. Kentucky,
Bowling Green Division.

Nov. 7, 2001.

Robert C. Webb, Theresa A. Canaday, Frost, Brown & Todd, Louisville, KY, for Petitioner.

Stuart D. Gibson, United States Department of Justice, Tax Division, Washington, DC, for Respondent.

## MEMORANDUM OPINION AND ORDER

MCKINLEY, District Judge.

This matter is before the Court on motion of the Petitioner, Scotty's Contracting & Stone Company ("Scotty's Contracting") to quash two third-party summonses issued to the Petitioner's accountants by an Internal Revenue Service Special Agent [DN 1]. The Respondent also moves for summary enforcement of the re-issued summons [DN 3]. The parties have briefed the issues, the Court has reviewed the filings and the record herein, and its rulings are set forth below.

### I. BACKGROUND

This action arises out of the government's attempts to secure testimony and documents from two third-party accountants. I.R.S. Special Agent Douglas McEwen ("McEwen") is conducting a criminal investigation into the federal income tax liabilities of James D. Scott ("Scott"); a similar civil investigation is being conducted by Revenue Agent Bradley Keltner. This matter involves the second set of summonses issued by McEwen to accountants Kirby and Callahan seeking financial information related to Scotty's

Contracting & Stone Company ("Scotty's Contracting"), a business owned by Scott.

On November 2, 2000, Special Agent McEwen first issued summonses to Kirby and Callahan seeking financial documents, information and testimony related to Scotty's Contracting, as well as to another of Scott's businesses, Scotty's Development Company, and individuals James D. Scott and his wife, Rita C. Scott. By order entered on April 5, 2001, the district court quashed the government's original summonses for failure to send separate notices to the two named corporate taxpayers as required by 26 U.S.C. § 7609.

The government modified and re-issued the summonses on June 13, 2001, this time seeking only information related to Scotty's Contracting. The Petitioner again seeks to quash the summonses.

## II. DISCUSSION

The Petitioner contends that the re-issued summonses: (A) were issued in bad faith; (B) are procedurally deficient; (C) seek information protected by the accountant-client privilege; and/or (D) are overbroad. The Court does not agree.

### A. Compliance with *United States v. LaSalle*

■ The Petitioner first argues that the summonses are improper because this matter "is solely focused on the criminal investigation" in violation of the rule in *United States v. LaSalle National Bank,* 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978). In *LaSalle,* the Supreme Court held that summonses may not be enforced once the I.R.S. abandons any civil investigation and the investigation becomes purely criminal in nature. *See id.* at 313–18, 98 S.Ct. 2357. The Respondent notes that, in response to the decision in *LaSalle,* Congress enacted 26 U.S.C. § 7602(b) which

established a bright-line rule permitting the enforcement of I.R.S. summonses even for the purpose of investigating criminal offenses unless the matter has been referred to the Department of Justice for possible criminal prosecution.

Despite the Petitioner's arguments to the contrary, the Court does not believe the Sixth Circuit has squarely addressed this issue. The Court is further persuaded by the opinions of five other circuits finding that § 7602(b) permits summonses where the I.R.S.'s investigation is solely criminal. *United States v. Millman,* 822 F.2d 305 (2d Cir.1987); *Pickel v. United States,* 746 F.2d 176 (3d Cir.1984); *United States v. G & G Advertising Co.,* 762 F.2d 632 (8th Cir.1985); *United States v. Abrahams,* 905 F.2d 1276 (9th Cir.1990); *LaMura v. United States,* 765 F.2d 974 (11th Cir.1985).

Special Agent McEwen's declaration satisfies the government's initial burden of demonstrating that: (1) the summonses were issued for a legitimate purpose; (2) the information sought is relevant to that purpose; (3) the information is not already in the government's possession; and (4) the summonses meet the procedural requirements.[1] *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). The declaration states there has been no Justice Department referral, no recommendation for a grand jury investigation or criminal prosecution and that there has been no delay in such a recommendation in order to collect additional information. The Petitioner has failed to overcome this showing, and has not demonstrated that the summonses were issued in bad faith or for an improper purpose. *See United States v. Will,* 671 F.2d 963 (6th Cir.1982); *Cates v. United States,* 985 F.Supp. 736 (N.D.Ohio 1997).

---

1. The Petitioner's procedural defect claim is discussed in § II.B.

## B. Procedural Sufficiency

■ By Delegation Order No. 4, the Treasury Department issued rules governing the authority to issue I.R.S. summonses. *See* 55 Fed.Reg. 7626 (Mar. 2, 1990).[2] Paragraph 1(d) of that order requires that the issuing officer receive supervisory authorization prior to issuing summonses on third parties, and further requires that such authorization be evidenced on the face of the summons. *Id.* para. 1(d). The Petitioner relies on Paragraph 1(d) to support its claim that the summonses are procedurally deficient because they do not demonstrate prior supervisory approval.

The Petitioner's argument fails to recognize the distinction between revenue agents, who conduct civil investigations, and special agents, who conduct criminal investigations. *See United States v. Kontny*, 238 F.3d 815, 816 (7th Cir.2001). Agent McEwen is the latter type. (McEwen Decl., para. 1.) Paragraph 1(d) of Order No. 4 "limits certain IRS employees' authority to issue third-party summonses by requiring their superior's approval. However, as relevant here, that paragraph applies to revenue agents." *Codner v. United States*, 17 F.3d 1331, 1333 (10th Cir.1994). Because Agent McEwen "is a special agent, ... his authority to issue summonses is not so limited and does not require a superior's approval." *Id.*

An I.R.S. Special Agent's authority to issue third party summonses is governed not by paragraph 1(d) of Order No. 4, but rather by paragraph 1(c), which contains no supervisor authorization limitation.[3] The Petitioner has failed to demonstrate that the re-issued summonses are procedurally deficient.

## C. Accountant–Client Privilege

■ The Petitioner next claims that Kentucky's accountant-client privilege protects the information sought by the government. K.R.S. 325.440(1). To the extent that any of the information would otherwise be shielded from disclosure, that privilege is overridden by the "validly issued ... summons enforceable by order of a court." *Id.* 325.440(2)(b).

## D. Breadth and Definitiveness

Finally, the Petitioner argues that the summonses are overbroad and indefinite. The Court finds no support for this contention.

## III. CONCLUSION

Accordingly, and for the reasons set forth herein, the Court will enter an order denying the Petitioner's motion [DN 1] to quash the re-issued summonses and grant the Respondent's motion [DN 3] for summary enforcement of the re-issued summonses.

## ORDER DENYING PETITION TO QUASH SUMMONSES AND GRANTING MOTION FOR SUMMARY ENFORCEMENT

This matter is before the Court upon the Petition to Quash Summonses filed by the

---

2. The current (twenty-second) revision of Order No. 4 can be found on the Internal Revenue Service's website at www.irs.ustreas.gov/prod/bus _info/tax_pro/irm-part/ part01/73276a.html. For clarity, the Court will use the original (Federal Register) paragraph numbering.

3. Order No. 4, as originally written, did not exempt Special Agents from the supervisor authority requirement. *See United States v.*

*Collins*, 920 F.2d 619, 632 (10th Cir.1990) (noting that Order No. 4 "had been superseded by a new regulation which added Special Agents to the category of IRS officials authorized to issue third-party summonses"). Agent McEwen is no doubt aware that the supervisory approval requirement for special agents was eliminated in later revisions. *See Channell v. United States*, 1989 WL 66485 (6th Cir.1989).

petitioners, and the Response and Motion for Summary Enforcement filed by the respondent. Upon consideration of the record in this case, and for the reasons discussed in the Memorandum filed by the respondent in support of its Motion for Summary Enforcement, the Court finds that the respondent has established a prima facie case for enforcement of these two summonses, and the petitioners have not established that enforcement of the summonses would constitute an abuse of the Court's process. Accordingly, it is this 7th day of November, 2001.

ORDERED:

(1) The Petition to Quash Summonses issued to Richard A. Callahan and Kent Kirby is DENIED;

(2) The Motion for Summary Enforcement of the Internal Revenue Service summonses issued to Richard A. Callahan and Kent Kirby is GRANTED;

(3) The summonsed parties, Richard A. Callahan and Kent Kirby, are directed to comply in all respects with the summonses issued to them on June 12, 2001, by appearing, testifying and producing the documents, as demanded in the summonses, within 10 days of the date of entry of this Order, or at such other time as Special Agent Douglas McEwen or his delegate shall agree;

(4) This action is DISMISSED WITH PREJUDICE.

### *JUDGMENT*

This matter having come before the Court on motions filed by the parties relating to the validity of two I.R.S. third-party summonses, and the Court on this date having issued a Memorandum Opinion and Order granting the Respondent's motion for summary enforcement of the summonses and denying the Petitioner's motion to quash,

**IT IS HEREBY ORDERED** that, consistent with the Court's Memorandum Opinion and Order, judgment is granted in favor of the Respondent.

**THIS IS A FINAL AND APPEALABLE JUDGMENT AND THERE IS NO JUST CAUSE FOR DELAY.**