**UNITED STATES of America,
Petitioner,**

v.

**Danny L. NORWOOD, Respondent.**

No. A3–03–29.

United States District Court,
D. North Dakota,
Southwestern Division.

Aug. 16, 2004.

Shon Hastings, U.S. Attorney's Office, Fargo, ND, Martin M. Shoemaker, US Department of Justice Tax Division, Washington, DC, for Plaintiff.

Jon Jay Jensen, Pearson, Christensen, Clapp, Fiedler, Fisher & Jensen, Grand Forks, ND, for Defendant.

### *Amended Memorandum Opinion and Order*

ERICKSON, District Judge.

Before the Court is a motion by the United States to alter or amend the Court's order entered on March 31, 2004 (doc. # 12). Respondent has no objection to the Court correcting its order without modification of its intended rulings (doc. # 18). Under Fed.R.Civ.P. 60, the Court may correct an order based on mistake, inadvertence, or any other reason justifying relief. For the reasons explained below, the United States' motion to alter or amend the order is **GRANTED**. This Amended Order entered under Rule 60 of the Federal Rules of Civil Procedure is intended to correct the mistake asserted

by the United States and supercedes the Court's previous order.

## Procedural Background

On March 31, 2004, the Court entered its Memorandum and Order requiring the Respondent, Danny L. Norwood, to produce documents listed in paragraphs 1, 3, and 13 of the Internal Revenue Service ("IRS") summons. The list and documents requested in paragraph 5 were denied as the Court concluded the request violated Norwood's Fifth Amendment right not to incriminate himself. It has been brought to the Court's attention that the Court mistakenly based its rulings on an Information Document Request attached to the Declaration of Jon Jensen, Norwood's counsel, instead of the IRS summons attached to the Declaration of Mark B. Ensrud, an IRS agent; therefore, this order is intended to correct the mistake. Additionally, the Court has noticed that certain issues raised by the parties, which should have been addressed, were not addressed in the previous order. A status conference was held on August 11, 2004, and this Amended Memorandum Opinion and Order follows.

## Analysis

### 1. Enforcement of an IRS Summons

In *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), the Supreme Court set out the requirements for a prima facie case for enforcement of an IRS summons. The Supreme Court stated the United States must show: (1) the investigation is conducted pursuant to a legitimate purpose; (2) the inquiry is relevant to the purpose; (3) the information sought is not already within the United States' possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. *Id.*

■ The Court finds the *Powell* requirements have been met in this case. Under § 7602(b) of the Internal Revenue Code, inquiry may be made into "any offense" connected with the administration or enforcement of the internal revenue laws. The Declaration of IRS Agent Mark B. Ensrud recites the purpose of the IRS investigation is to investigate the tax liability of Norwood for the tax years 1999 and 2000. The IRS investigation is designed to determine whether Norwood has violated any tax law with respect to the tax years 1999 and 2000. The investigation thus far has revealed that Norwood is involved in moving domestic monies offshore or generating monies offshore via MasterCard payment cards issued by Leadenhall Bank & Trust Company, and, as a result, he is hiding taxable income by transferring funds to offshore jurisdictions and then using payment cards to access the funds in the United States. The IRS needs to further investigate the nature, scope, and possible movement of the funds to ascertain the correctness of Norwood's returns. The Court finds the IRS investigation is conducted pursuant to a legitimate purpose.

■ With regard to the second prong of the prima facie showing required under *Powell*, the information must be relevant to the legitimate purpose of the IRS investigation. Under § 7602 of the Internal Revenue Code, the IRS has broad powers "to examine any books, papers, records, or other data which may be relevant" to investigating a person's compliance with the internal revenue laws. *United States v. Barter Systems*, 694 F.2d 163, 165 (8th Cir.1982). The United States is entitled even to information that has only "potential relevance" to an ongoing investigation, *United States v. Arthur Young & Co.*, 465 U.S. 805, 814, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984), and the applicable standard is

whether the information sought "might throw light upon the correctness of the taxpayer's returns." *See United States v. Nat'l Bank of South Dakota,* 622 F.2d 365, 367 (8th Cir.1980) (internal quotation and citations omitted).

■ In this case, the United States is seeking an order requiring Norwood to turn over the information requested in paragraphs 1, 3, 5, and the final paragraph of the IRS summons served in December 2002. The information requested in each paragraph is summarized as follows:

1. All records in Norwood's possession, custody, or control for each bank or other financial account over which Norwood had signature authority, other authority, or which he controlled, either directly or indirectly, during the years 1999 and 2000.

3. Copies of all statements of certificate of deposit or other records reflecting the purchase or redemption of the certificate, earnings of interest, or the disposition of the certificate pertaining to each Certificate of Deposit, Time Deposit, or equivalent account over which Norwood had signature authority, other authority, or which he controlled either directly or indirectly during 1999 and 2000. In addition, it is requested that Norwood provide documents verifying the origin of all funds used to open these accounts or deposited to these accounts.

5. All records for the years 1999 and 2000 relating to credit, debit, or charge cards in which Norwood had the use, held direct or indirect ownership, or beneficial interest.

The final paragraph requests copies of any certificates of beneficial ownership, stock certificates, including bearer shares or other similar evidences of ownership interests owned by Norwood during the years 1999 and 2000 pertaining to any foreign trust, corporation, international business company or similar entity.

■ The IRS investigation thus far has revealed that Norwood has foreign-based payment cards and at least one foreign account (Decl. of Ensrud ¶¶ 5–8). On both Norwood's 1999 and 2000 federal income tax returns, he checked "no" in response to the question of whether he had an interest or signature or other authority over a financial account in a foreign country. (Decl. of Ensrud ¶ 9). As the cardholder and owner of the accounts, Norwood has possession or control of the requested information. The information requested in the summons would assist the IRS in determining if Norwood was complying with the internal revenue laws by allowing it to compare Norwood's transactions against the information contained on his tax returns. The production of documents, the existence of which are a foregone conclusion, does not implicate a taxpayer's Fifth Amendment rights. *United States v. Teeple,* 286 F.3d 1047, 1049 (8th Cir.2002). It is a foregone conclusion that Norwood has offshore-based payment cards and at least one foreign account. Applications, statements, charge slips, and other documents requested in the summons exists for the cards and accounts. The United States already possesses the knowledge regarding the existence and location of the documents; thus, Norwood's production of the records has no testimonial significance. *See Teeple,* 286 F.3d at 1049.

The IRS has evidence of the offshore credit cards and it is not a reach to assume that the documents requested have "potential relevance" to the IRS investigation and might "throw light" upon the correctness of Norwood's tax returns for the years 1999 and 2000. The Court finds the information requested in paragraphs 1, 3, 5, and the final paragraph is relevant to the legitimate purpose of the IRS investi-

gation and does not implicate Norwood's Fifth Amendment right.

The third prong of the *Powell* requirement is that the documents sought are not already in the possession of the United States. The Court finds this requirement is satisfied by the Declaration of IRS Agent Ensrud. Agent Ensrud states some of the documents responsive to the summons have been obtained by the IRS, but the information sought in paragraphs 1, 3, 5, and the final paragraph of the IRS summons have not been produced and are not already in the possession of the IRS (Decl. of Ensrud ¶ 14).

■ Finally, *Powell* requires the United States to comply with all administrative requirements. Ensrud, as an IRS agent, is authorized to issue the IRS summons. Agent Ensrud has declared that the administrative requirements imposed by the relevant IRS regulations have been met (Decl. of Ensrud ¶ 17). Thus, the Court finds the United States has made a prima facie case for an order requesting enforcement of paragraphs 1, 3, 5, and the final paragraph of the IRS summons dated December 9, 2002.

■ Once the United States has established its prima face case, the burden shifts to the respondent to refute one of the four elements of the United States' prima facie showing or show that enforcement of the summons would be an abuse of the court's process. *See United States v. Powell*, 379 U.S. at 58, 85 S.Ct. 248; *Reisman v. Caplin*, 375 U.S. 440, 449, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964). However, " 'those opposing enforcement of a summons ... bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the [IRS].... Without a doubt, this burden is a heavy one.' " *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir.1997) (quoting *United States v. LaSalle Nat'l Bank*, 437

U.S. 298, 316, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978)). Norwood has raised several issues which are discussed below.

### 2. Fourth Amendment

■ Respondent has argued the IRS summons is overbroad and lacks specificity, in violation of the Fourth Amendment. An IRS summons need not describe in minute detail the items sought, however, it should describe the information requested with reasonable particularity and not be excessive for the purposes of the inquiry. *See Oklahoma Press Publ'g Co. v. Walling*, 327 U.S. 186, 209, 66 S.Ct. 494, 90 L.Ed. 614 (1946); *First Nat'l Bank of Mobile v. United States*, 160 F.2d 532, 535 (5th Cir. 1947). In this case, the items being sought in paragraphs 1, 3, 5, and the final paragraph include, in part, information pertaining to bank accounts or other financial accounts, money transfer authorizations, deposit slips, credit card statements, and stock certificates in foreign trusts or corporations for the years 1999 and 2000. These items are necessary if the IRS is to properly conduct its inquiry into Norwood's tax liability. Although the records sought might be numerous, the IRS summons specifically limited the documents for the years 1999 and 2000, and the requests are described with reasonable particularity to put Norwood on notice of what is to be produced. The Court finds the requests in paragraphs 1, 3, 5, and the final paragraph are not overbroad and do not lack specificity, in violation of the Fourth Amendment.

■ Moreover, with regard to the consent directive, a court order compelling the subject of an investigation to authorize the production of information relating to and from foreign bank accounts does not violate the target's right against self-incrimination. *Doe v. United States*, 487 U.S. 201, 215–19, 108 S.Ct. 2341, 101 L.Ed.2d

184 (1988). By limiting the consent directive to the tax years at issue, those being 1999 and 2000, the consent directive is not overbroad under the Fourth Amendment.

### 3. Institutional Posture/ Fifth Amendment

■ Norwood argues that the IRS summons is sought for an "improper purpose" because the IRS' institutional posture is to criminally prosecute individuals concealing income in offshore accounts. Norwood has presented numerous press releases issued by the IRS in support of his argument. The Court has reviewed these press releases and finds they merely inform the public that taxpayers attempting to dodge their tax liabilities through the use of offshore accounts may face civil or criminal penalties. The articles state that taxpayers who do not come forward during the voluntary compliance initiative will be pursued by the IRS and will be subject to "possible" criminal sanctions or "potential" criminal prosecution. The Court finds the press releases do not establish the IRS has adopted an institutional posture to criminally prosecute each individual found to have failed to comply with the internal revenue laws.

■ Further, the IRS may issue a summons for a criminal prosecution so long as the matter has not been turned over to the Department of Justice for prosecution. *United States v. G & G Advertising Co.,* 762 F.2d 632, 634 n. 1 (8th Cir. 1985) (explaining that the requirement that a summons not issue for a solely criminal investigation has been negated by an amendment to § 7602(b), which allows inquiry into "any offense," so long as the case has not been turned over to the Justice Department). The United States, through the Declaration of IRS Agent Ensrud and the representations of its counsel, Martin Shoemaker, state there is currently no ongoing criminal investigation regarding Norwood. Even though a criminal investigation "might" result, depending on the outcome of the civil investigation, a Fifth Amendment claim cannot be based on speculation. *See Daly v. United States,* 393 F.2d 873, 874 n. 2 (8th Cir.1968) (stating no per se violation of the Fourth or Fifth Amendment, even though the summons may be used to obtain information for a subsequent criminal prosecution); *see also United States v. French,* 442 F.Supp. 166, 168 (N.D.Iowa 1977). At issue is the correctiveness of Norwood's tax returns for 1999 and 2000—a civil question. The Court finds the IRS summons has been issued in good faith and Norwood's argument that the summons is for an improper purpose is without merit.

■ If, however, it turns out later that the IRS has used its summons power inappropriately, Norwood's rights can be adequately protected by suppressing the improperly acquired evidence in a criminal proceeding. *United States v. Utecht,* 238 F.3d 882, 886–87 (7th Cir.2001); *Wray v. Internal Revenue Service,* 783 F.2d 767 (9th Cir.1985); *Pickel v. United States,* 746 F.2d 176, 181 (3d Cir.1984). Thus, suppression is an appropriate remedy if evidence is gained in contravention of Norwood's constitutional rights.

### 3. Discovery

■ Norwood requests limited discovery prior to any enforcement of the summons. He requests that he be allowed an opportunity to examine the various IRS representatives to determine the extent, if any, criminal prosecution has been considered and/or is discussed. With regard to discovery in IRS summons cases, the Eighth Circuit has explained:

> Discovery is not necessary in every summons action, and, in fact, the sum-

mary nature of proceedings on an IRS summons militate against expansive discovery. However, in many cases, some discovery is appropriate and should be allowed. To strike a balance between the summary nature of summons proceedings and the relative disadvantage taxpayers face regarding access to information, we have held that discovery in a summary summons proceeding is appropriate where a taxpayer makes a substantial preliminary showing that enforcement of a summons would result in an abuse of the court's process.

*Robert v. United States,* 364 F.3d 988, 999 (8th Cir.2004) (citations omitted).

Norwood has failed to make a substantial showing that enforcement of the IRS summons would result in an abuse of the court's process. As noted earlier, the Court found the IRS summons has been issued in good faith and for a legitimate purpose. At issue in this case is the correctiveness of Norwood's 1999 and 2000 tax returns. Whether or not the IRS has considered or discussed criminal prosecution against Norwood is irrelevant at this point as it is undisputed that the case has not been turned over to the Department of Justice. *See* I.R.C. § 7602(b) (stating inquiry by way of summons, examination, and testimony is allowed into "any offense" as long as the case has not been turned over to the Justice Department). Because Norwood failed to make the requisite showing and demonstrate that discovery would lead to useful, relevant evidence, Norwood's request to conduct discovery is **DENIED.**

**4. In Camera Review**

Norwood requests that the Court conduct an in camera review to determine whether the documents sought would "furnish a link in the chain of evidence needed to prosecute" Norwood. Norwood's concern is based on the possibility of criminal prosecution. If the Court has improvidently enforced the IRS summons, meaningful relief can be fashioned by a court in the criminal proceedings. *Utecht,* 238 F.3d at 886–87; *Wray,* 783 F.2d 767; *Pickel,* 746 F.2d at 181. Norwood's request for in camera review of the documents is **DENIED.**

### Conclusion

The United States' motion to alter or amend the Court's earlier order is **GRANTED.** Upon consideration of the correct paragraphs in the IRS summons, specifically paragraphs 1, 3, 5, and the final paragraph, the Court **HEREBY ORDERS** that the Respondent Danny L. Norwood shall produce the information sought by the United States no later than 30 days from the date of this order by answering paragraphs 1, 3, 5, and the final paragraph of the IRS summons. Norwood is **FURTHER ORDERED** to execute a consent directive for the years 1999 and 2000 to be prepared by the United States and presented to Mr. Jon Jensen, Norwood's attorney, no later than seven days after receipt by Mr. Jensen. Respondent's requests to conduct discovery and for in camera review of the documents are **DENIED.**

**IT IS SO ORDERED.**